HEWITT & ROUNDS, *et al.*, V. GEORGE STORCH.

1. TAX DEED, *to Conform to Proceedings, etc.* A tax deed must substantially correspond with the proceedings upon which it is based.

2. DESCRIPTION *in Tax Deed; Power of County Clerk.* Where the tax deed describes the premises as fully as the tax records authorize, the power of the county clerk is exhausted on the execution of the deed containing such description, if in other respects the deed is in correct and statutory form.

3. DEFECTIVE DESCRIPTION, *When Not Cured.* If the proceedings, up to the execution of the tax deed, are invalid for want of a sufficient description of the real property sold at the tax sale, and the tax deed conforms to this description, the county clerk has not the power to cure such defective description by the execution of a subsequent deed containing another and different description than that set forth in the tax certificate and the tax proceedings upon which it is issued.

*Error from Atchison District Court.*

ACTION brought on the 27th day of September, 1881, by *George Storch* against Henry Hewitt and W. P. Rounds, partners as *Hewitt & Rounds,* and *L. C. Challiss,* for the recovery of lot 19, in block 16, in L. C. Challiss's addition to the city of Atchison. Trial at the June Term, 1882, by the court, a jury being waived. The court separately stated in writing its conclusions of fact and its conclusions of law. The conclusions of fact are as follows:

"1. On March 15, 1858, the defendant Luther C. Challiss caused to be filed in the office of the recorder or register of deeds of Atchison county, Kansas, a map or plat marked 'Challiss's addition,' the description written on the back thereof being as follows, viz.:

'The within plat of Challiss's addition to the city of Atchison, containing $20\frac{3}{10}$ acres, and is described as follows: All of that part of the north-

west quarter of fractional section 6, township 6, south, of range 26, which was not originally laid off into town·lots by the Atchison town company on the west side of said quarter-section, and not included in the original plat of said town. It is described more minutely as follows: Commencing at a point 315 feet east of the west line and 368 feet south of the north line of said quarter-section; running west 315 feet to the west line; south 2,906 feet to the south line; thence east 295 feet; thence north 2,906 feet, to the place of beginning. The size of the lots, streets and alleys is marked in figures. The said piece of land is the private property of the undersigned.

LUTHER CHALLISS.'

"Said plat and description were duly acknowledged on the same day, and recorded in said office of the recorder, March 30, 1859, on page 23 of plat book, but an error occurred in recording the same, by which the land was described as being in the northeast quarter of section 6, instead of the northwest quarter of section 6.

" 2. On November 18, 1858, said Luther C. Challiss caused another map or plat to be filed in said office, marked 'L. C. Challiss's addition to the city of Atchison,' the part of the description on the back thereof which described the land platted being as follows, namely:

'The within plat of my addition to the city of Atchison is laid off on and composed of all the northeast quarter of section 1, township 6, south, of range 20, east, except that part on the north side which was originally laid off into lots by the Atchison town company, and all of that part of the northwest quarter of section 6, township 6, range 21, which was not laid off into lots by said company, on the west side of said quarter-section.'

"This plat and description were signed 'L. C. Challiss,' and acknowledged on the same day, and recorded in the office of the register of deeds, April 1, 1859, on page 25 of plat book.

" 3. Said plat of March 15, 1858, described twelve blocks, those numbered 2, 3, 4, 5, 6, 7, 8 and 9 being full and regular. Block 1 was divided into two parts by Eighth street, lots 1, 2, 3, 4, 5, 6 and 7 being on the east side, and lots 8 and 9 on the west side of said street. Block 10 was fractional, and west of block 9 across Eighth street. Block 11 was fractional, and west of block 8 across Eighth street. And block 12 was fractional, and west of block 7 across Eighth street. Blocks 10, 11 and 12 were not subdivided into lots. All other blocks were subdivided into lots.

"In said plat of November 18, 1858, said blocks 2, 3, 4, 5, 6, 7, 8 and 9 were identical with the blocks of the same number upon said plat of March 15, 1858, the same, together with the streets and alleys, remaining unchanged. Block 1, east of Eighth street, remained unchanged, but that part west of Eighth street, being lots 8 and 9, was ignored as a part of said block 1, and became lot 1 of block 18. Blocks

10 and 11 of said plat of March 15, 1858, were added to and extended further west by said plat of November 18, 1858, and they remained not subdivided into lots. Block 12 of said first-named plat was also extended further westward, and was subdivided into lots. Block 13, and all other blocks of higher numbers consecutively, up to number 55 inclusive, except said small part of block 18, were new territory additional to that described in said plat of March 15, 1858.

"4. The territory platted and described as 'L. C. Challiss's addition to the city of Atchison,' by said plat of November 18, 1858, has been commonly known as Challiss's addition to the city of Atchison, and there has never been platted in said county of Atchison any addition by the name of Challiss other than by the two plats of March 15, 1858, and November 18, 1858, respectively, hereinbefore described, and for several years all of said blocks, numbered 1 to 55 inclusive, and the subdivisions of the same into lots, were described on the tax rolls of Atchison county as Challiss's addition, and sometimes by the abbreviation 'C. A.'; and in the year 1872 all of said blocks and lots were described on the tax roll as being Challiss's addition, and under that heading lot 19 in block 16 in said 'L. C. Challiss's addition' was described on the tax rolls for 1872, there being no property described for said year on said tax roll as in 'L. C. Challiss's addition.'

"5. Said Luther C. Challiss was the owner of said lot 19, block 16, in L. C. Challiss's addition, and the same was assessed and placed upon the tax roll for taxation in 1872 only as in 'Challiss's addition;' and the taxes remaining due and unpaid, the county treasurer advertised the same for sale at the tax sale to be held on the first Tuesday of May, 1873, but the notice of sale did not state that the property would be sold 'at' his office, but that it would be sold 'at the court house, in the city of Atchison,' and said lot, described only as in 'Challiss's addition,' was sold on May 15, 1873, at an adjournment of the tax sale so advertised, and the same was bid off by the plaintiff for the taxes and penalties charged thereon, being $23.12 for the whole of said lot, which was the least quantity bid for, and a tax-sale certificate, No. 1288, was issued by said county treasurer of Atchison county to the plaintiff, describing the property only as 'lot 19, in block 16, C. A.,' and without stating that it was in addition to the city of Atchison. Said lot not being redeemed, and the owner thereof failing to pay the same for the years 1873, 1874, and

1875, the plaintiff paid the same, as follows: Taxes of 1873, paid February 10, 1874, $84.02; taxes of 1874, paid January 4, 1875, $20.02; taxes of 1875, paid September 4, 1876, $26.10. And said payments were indorsed on said tax-sale certificate. On June 28, 1877, said lot not being redeemed, the county clerk on application of the plaintiff issued to him a tax deed for said lot, describing the same only as being in 'Challiss's addition' to the city of Atchison, and not as being in 'L. C. Challiss's addition to the city of Atchison.' Said deed was recorded in the office of the register of deeds of said county, June 29, 1877, in book W, at page 291.

"The redemption notice for the said sale of 1873 for the taxes of 1872 is not in the office of the county clerk, and has not been for a long time past, and whether such notice was ever published or filed in said office does not affirmatively appear.

"The plaintiff also paid the taxes of 1877 and 1878 upon said lots, as follows: Taxes of 1877, paid March 31, 1879, $21.70; taxes of 1878, paid March 31, 1879, $13.20. Said payments were not indorsed upon the tax-sale certificate.

"7. On March 25, 1881, the plaintiff again presented said tax-sale certificate No. 1288 to the county clerk of said county, and requested said county clerk to issue to him another tax deed, describing said lot as being in L. C. Challiss's addition to the city of Atchison; and thereupon said county clerk issued to the plaintiff another tax deed upon said certificate, describing said lot as requested, and reciting only the payment of the taxes of 1872, 1873, 1874, and 1875, upon said lot, as in the tax deed of June 28, 1877. The cost of said tax deed and recording same, $2.50, was paid by the plaintiff, and the same was recorded in the office of register of deeds of said county, March 25, 1881.

"8. For two or three years last past no property has been described on the tax rolls of said county as in 'Challiss's addition,' but the property in former years, and in 1872, described as in 'Challiss's addition,' has been described as in L. C. Challiss's addition.

"9. Said L. C. Challiss, defendant, has been the owner of said lot 19, in block 16, in L. C. Challiss's addition, ever since the same was platted as a part of a town site, except as the same may be affected by said tax deed; and for about ten years past said lot has been actually occupied continuously as a part of a lumber yard by divers persons, under lease from said L. C. Challiss, and the same is now so occu-

pied by said Hewitt & Rounds, defendants, under lease from said L. C. Challiss, and not otherwise."

The conclusions of law were:

"1. By the filing of said plat of November 18, 1858, as L. C. Challiss's addition, including as a part thereof the territory described in the plat of March 15, 1858, all of said territory became, as to all the rights and liabilities of said Luther C. Challiss, one addition, under the name of L. C. Challiss's addition to the city of Atchison.

"2. The assessment and taxation of said property in the year 1872 as Challiss's addition was only a slight irregularity, not misleading nor prejudicial to any substantial right of the property-owner, and the tax levy was valid.

"3. By reason of irregularities in the proceeding, said tax deeds of June 28, 1877, and March, 1881, are voidable, and the plaintiff cannot maintain ejectment thereunder.

"4. The plaintiff is entitled to recover as a charge upon said property as follows: $23.12, paid May 15, 1873; $84.02, paid February 10, 1874; $20.02, paid January 4, 1875; $26.10, paid September 4, 1876; $2.50, paid March 25, 1881; together with interest on each of said sums at the rate of fifty per cent. per annum from the date of said payments respectively up to March 25, 1881, and with interest on such amount at the rate of twenty per cent. from March 25, 1881, up to the present time.   And the plaintiff is entitled to an order of sale of said property to satisfy said charge, if the same be not paid within a short time, to be named in the decree.

"5. The plaintiff is not entitled to any relief as to the taxes paid by him upon said property for the years 1877 and 1878."

To the conclusions of fact, each and all of them, and to the conclusions of law Nos. 1, 2, 3 and 4, the defendants duly excepted.   The defendants filed their motion to set aside the conclusions of law Nos. 1, 2, 3 and 4, and for judgment in their favor upon the conclusions of fact as found and stated by the court.   This motion, on consideration, was overruled so far as the same related to setting aside the conclusions of law Nos. 1, 2, 3 and 4; but said motion was sustained so far as it related to judgment in favor of the defendants for the lot in controversy and costs of suit, the plaintiff excepting thereto.   The defendants then filed a motion for a new trial, which was also overruled.   Thereupon the plaintiff filed a

motion for judgment for the amount of taxes paid, with interest, and that the same be declared a lien upon the real property, and for an order of sale, which motion was sustained by the court, excepting as to $34.94, being the taxes paid March 31, 1879, by the plaintiff, for the years 1877 and 1878, and not indorsed on the tax-sale certificate.

The court rendered judgment that the plaintiff have and recover the sum of $784.56, being the taxes paid by the plaintiff and indorsed on the tax-sale certificate, with interest thereon, and the costs of making and recording the tax deed; and said amount was declared a first and prior lien on said lot 19. It was further decreed, that if the said sum of $784.56, with interest thereon, should remain unpaid forty days, that an order of sale issue to sell the premises to satisfy the judgment and interest. It was further ordered that the plaintiff pay all the costs in this action. To the taxing of costs against the plaintiff, he excepted, and asked that the costs be paid out of the proceeds of the sale of the property. Thereafter the defendants filed a motion to set aside and vacate the judgment, orders and decree of the court, which motion was overruled, and excepted to.

The defendants bring the case here. The plaintiff has also filed a cross-petition in error.

*W. W. Guthrie,* for plaintiffs in error.

*Mills & Wells,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: It appears from the findings of the trial court that the real estate described in the petition, viz., lot 19, in block 16, in L. C. Challiss's addition to the city of Atchison, was assessed and placed upon the tax roll for taxation in 1872 as in "Challiss's addition;" that the taxes for 1872 remaining due and unpaid thereon, the county treasurer advertised the same for sale at the tax sale to be held on the first Tuesday of May, 1873, and the lot, described only as in "Challiss's addition," was sold on May 15, 1873, to the de-

fendant in error, for $23.12; that on May 15, 1873, a tax-sale certificate was issued by the county treasurer of Atchison county to the defendant in error, describing the property only as "lot 19, in block 16, C. A., situated in Atchison county, Kansas;" that on June 28, 1877, the lot not being redeemed, the county clerk, on the application of the plaintiff below, issued to him a tax deed, describing the property as in "Challiss's addition to the city of Atchison;" that this deed was recorded in the office of the register of deeds of the county on June 29, 1877; that on March 25, 1881, the defendant in error again presented the same tax-sale certificate to the county clerk, and requested him to issue another tax deed, describing the lot as in "L. C. Challiss's addition to the city of Atchison;" that the county clerk then issued to the defendant in error another tax deed upon the old certificate, describing the lot as requested, and reciting only the payment of the taxes for 1872, 1873, 1874, and 1875, as in the prior tax deed.

Upon these and the other findings of the district court, we think the power of the county clerk was exhausted in executing the first deed. It is unnecessary for the purpose of this case to decide whether the tax roll of 1872, or the tax certificate of May 15, 1873, sufficiently described lot 19 in block 16 in L. C. Challiss's addition to the city of Atchison. A tax deed, to be valid, must not only substantially conform to the requirements of the statute, but must correspond with the proceedings upon which it is based, in all essential particulars. The county treasurer must give to the purchaser, on payment of his bid, a certificate describing the lands purchased, in accordance with the records of the tax proceedings in his office. If the land be not redeemed within the time prescribed by the statute, the county clerk of the county where the land is sold, on presentation to him of the certificate of sale, must execute in the name of the county, as county clerk, to the purchaser, his heirs or assigns, a deed to the land remaining unredeemed; but he has no power to insert in the deed executed by him another and different de-

scription from that contained in the tax proceedings. While it is sufficient to describe lands in all proceedings relative to assessing, advertising or selling the same for taxes, by initial letters, abbreviations and figures to designate the township, range, section or parts of section, and also the number of lots and blocks, and while it is competent for the county clerk, instead of using such initial letters, abbreviations and figures in the tax deed executed by him, to write out in full the words which such initial letters, abbreviations, etc., represent, yet he is not to make any material or substantial variance in the description of the property inserted in the deed, from that set forth in the prior tax proceedings upon which it is based. Each act of the tax proceedings must substantially correspond with its immediate antecedent. (Blackwell on Tax Titles, 434.)

A tax certificate and a deed thereon have relation to, and are founded upon, the tax proceedings prior thereto, and a county clerk fully performs his duty when he writes out in full, in the tax deed, the description of land given on the tax roll, and the proceedings upon which the tax sale is made. The deed of June 28, 1877, described the premises therein mentioned as fully as any of the records of the tax proceedings authorized. The county clerk had no power to go further. If he had added anything in the tax deed to the description not contained in the tax proceedings, such addition would not aid or materially benefit the deed. He could not affect the title thus conveyed, or attempted to be conveyed, by the execution of a subsequent tax deed containing a different description from that set forth in the prior tax proceedings. If the proceedings up to the execution of the first tax deed were invalid for want of a sufficient description of the property sold at the tax sale, the fatal defect could not be cured by the execution of a subsequent tax deed containing a description not found in the prior tax proceedings. If, however, the description in the tax proceedings prior to the execution of the first deed was sufficiently definite and certain, then the first tax deed was valid for all purposes, and the

county clerk had no power to execute the subsequent tax deed.

It is shown from the findings that the plaintiff in error, L. C. Challiss, has been the owner of said lot 19 since November 18, 1858, and that for ten years past the lot has been actually and continuously occupied by various persons as lessees of said plaintiff in error. As the first tax deed was recorded on June 29, 1877, and as no action was brought for the recovery of the lot sold for taxes within two years after the recording of the deed, the plaintiff was not entitled, under the statute of limitations, to maintain any action thereon. (*Bowman v. Cockrill*, 6 Kas. 311; *Corbin. v. Bronson*, 28 id. 532.) And as such tax deed had become barred by the statute of limitations before the commencement of this action, the plaintiff was not entitled in this action to recover back the taxes paid by him, or to have them declared a lien on the land. (*Corbin v. Bronson*, supra.)

The judgment of the district court must be reversed, and the cause remanded with direction to the district court to enter judgment upon the findings of fact in favor of the plaintiffs in error.

All the Justices concurring.