CHARLES E. GIBSON, *Appellee*, v. AMOS WALTERS *et al.*
(HENRY C. HODGES *et al., Appellants*).

No. 17,312.

SYLLABUS BY THE COURT.

1. TAX SALE—*Sheriff's Notice—Proof Thereof.* There is no statutory provision requiring proof of publication of a sheriff's sale notice by the affidavit of the printer. The sheriff's return should show publication; and the confirmation of the sale is an adjudication that notice was duly published. The record may be supplemented by the evidence of the publisher or printer and by the files of the newspaper showing such publication.

2. —————— *Taking Out Second Tax Deed—Effect.* The taking out of a second tax deed for the purpose of correcting defects in a former tax deed has the effect of reopening the question of the validity of both deeds and of the regularity of the tax proceedings, unless the first deed was one which fully complied with the statute, and notwithstanding the defects in the first deed may have been otherwise cured by the lapse of five years from the time it was recorded.

3. TAX DEED—*Void When.* A tax deed which is assailed within two years from the time it was recorded is held void upon the proof showing that the tax roll of the year for the taxes of which it was sold described the land as less than a full quarter section and gave the number of acres; and the delinquent tax-sale notice as published described the land as a full quarter section without any mention of the acreage.

Appeal from Meade district court. Opinion filed December 9, 1911. Affirmed.

R. W. *Griggs,* and B. F. *Milton,* for the appellants.

Thomas A. *Scates,* and Albert *Watkins,* for the appellee.

The opinion of the court was delivered by

PORTER, J.: Ejectment for the possession of a quarter section of land. Plaintiff had judgment and defendants appeal.

The appellants sought to impeach a sheriff's deed in appellee's chain of title on the ground that the jurat was omitted from the affidavit of the printer attached to the sale notice, and that the affidavit therefore failed to show notice of sale. The court admitted proof showing that the notice was duly published. It is claimed that this was error. There is no statutory provision requiring proof of publication of the notice of sale by the affidavit of the printer. The return of the sheriff should show publication; and the confirmation of the sale is an adjudication that the sale was regular in all respects and that notice was duly published. It was competent to prove the fact, as the appellee did, by the

evidence of the publisher and by the files of the news-paper.

The appellants claim by virtue of a tax deed issued to Amos Walters, September 5, 1898, and possession under it for more than five years. It appears, however, that on March 8, 1907, the clerk issued to Amos Walters a second tax deed upon the same tax sale, for the purpose, as expressed therein, of correcting the former deed. The second deed was duly recorded. The appellee contends and the court held that all rights under the first deed merged in the second, and as this action was brought within two years after the second was recorded, the court permitted the appellee to show that the tax proceedings were irregular and the deed void. The appellants rely solely upon the first deed and insist that it was valid, and that there was no excuse for issuing the second; that the second was void because the power of the clerk to issue any further deed upon the same sale was exhausted when the first was issued. The statute provides:

"In all cases where different or successive tax deeds upon the same sale shall be put on record by the same party, or in interest therewith, it shall be deemed and held that all rights which might otherwise be claimed under all or any tax deeds prior to the last one put on record shall be deemed and held to be waived, and considered as merged in such last tax deed so put on record; and in all cases where several tax deeds shall be put on record by the same party, or in interest therewith, that the party claiming to own the same land may maintain an action for the recovery of the possession thereof, or to set aside any or all such tax deeds, at any time within two years from . . . the time of putting on record the last of such tax deeds." (Laws 1879, ch. 40, § 1, Gen. Stat. 1909, § 9485.)

We think it is clear that the first deed was not in substantial compliance with the law, and could have been attacked for irregularity. It did not show the exact date of the tax sale upon which it was based, and disclosed other defects which could be cured only by the aid of presumptions and inferences after the lapse

of five years from the date the deed was recorded, and then only where the tax-title holder had been in possession during that time. It was therefore so defective as to authorize the clerk at any time, upon demand of the tax-title holder or those in interest, to issue a second deed. It appears that the appellants had been in possession for more than five years after the deed was recorded, but that fact, of course, did not appear in the record title. The holder of such a deed might prefer to have a deed regular on its face, even after the expiration of five years, rather than to be put to the trouble of proving the fact of his possession. At all events a second deed to correct the first would give him a better record title.

"If all the proceedings up to the execution of a tax deed are regular and legal, the holder of the certificate is entitled to a deed in legal form, and carrying that *prima facie* evidence of the regularity of all prior proceedings which belongs to a statutory deed; and if through mistake or inadvertence a different deed, and one substantially departing from the statutory form has been executed, the county clerk can be compelled by mandamus, and may without it, execute and deliver a deed in correct and statutory form. In other words, neither the power nor the duty of the county clerk is exhausted by the execution of an irregular and improper deed." (*Douglass v. Nuzum,* 16 Kan. 515, 525.)

The appellants cite *Corbin v. Bronson,* 28 Kan. 532, and *Hewitt & Rounds v. Storch,* 31 Kan. 488, 495, 2 Pac. 556, holding that where the first deed is in substantial compliance with the statute the clerk has no power to issue the second, and their contention is that the second deed in this case is a nullity and that it was error to admit it in evidence. They rely solely upon the first deed, which they insist is valid. In the Corbin case, *supra,* it is said in the opinion that the first deed being in substantial conformity to the statute the power of the clerk to issue another deed upon the same sale was exhausted. The language must be considered with reference to the facts in that case. There the tax-title holder

had neglected to take possession under the first deed and procured the issuance of the second in order to avoid the statute of limitations; and it was held that there being nothing wrong with the first deed he could not secure an advantage and extend the period of limitations by procuring the execution of an unnecessary deed which the clerk had no power to issue. In the present case no question of limitation is involved.

In *Hewitt & Rounds v. Storch,* 31 Kan. 488, 2 Pac.. 556, it was ruled in the syllabus that:

"Where the tax deed describes the premises as fully as the tax records authorize, the power of the county clerk is exhausted on the execution of the deed containing such description, if in other respects the deed is in correct and statutory form." (Syl. ¶ 2.)

There would be force in the claim of appellants that their first deed, accompanied, as it was, by possession for more than five years, gave them a title unassailable, were it not for the fact that the only construction of which the statute is susceptible makes the issuance of a second deed have the effect of reopening the question of the validity of both deeds and of the regularity of the tax proceedings, unless the first deed was one which. fully complied with the statute.

The tax proceedings were defective and the deed was. void. The proof showed a variance in the description of the land as it appeared on the tax roll of 1894 and the delinquent tax-sale notice. The tax roll described less than a full quarter section and gave the number of acres; the notice described a full quarter section without any mention of the acreage. The statute requires: that the notice shall describe "such lands and town lots as the same are described on the tax roll." (Laws 1876, ch. 34, § 106, Gen. Stat. 1909, § 9441.) We think· the variance in the two descriptions is sufficient to avoid the deed where the objection is raised, as in this. case, within two years from the time of recording the·· deed.

The judgment is affirmed.