No. 27,099.

George N. Upham, *Appellant,* v. O. M. Cheeseman and Frank
Cook, *Appellees.*

SYLLABUS BY THE COURT.

1. Taxation—*Irregular Proceedings for Sale.* The proceedings upon which certain tax deeds were based considered, and held to be irregular.

2. Same—*Irregular Proceedings for Sale—Tax Deed Voidable.* Where tax proceedings are irregular and not in conformity with the requirements of the statute, tax deeds based thereon are voidable and will be set aside if attacked within time.

3. Same—*Reimbursement of Purchaser of Invalid Title—Improvements Made After Notice of Ejectment—Sheriff's Jury.* One who takes possession of property under a voidable tax deed is not entitled to a sheriff's jury to ascertain the value of improvements under the occupying claimant's statute where such improvements were erected after notice and service of summons in an action of ejectment.

4. Same—*Setting Aside Invalid Deed—Writ of Assistance.* In an action to set aside certain tax deeds, the proceedings considered, and held that the owner of the property was entitled to a writ of assistance putting him in possession thereof.

Appeal from Montgomery district court; Joseph W. Holdern, judge. Opinion filed March 12, 1927. Reversed.

*Dallas W. Knapp,* of Coffeyville, for the appellant.
*A. A. Baker,* of Coffeyville, for the appellees.

The opinion of the court was delivered by

Hopkins, J.: This controversy involves the validity of certain tax deeds, the right of possession of the property attempted to be thereby conveyed and the right of the tax deed holder to recover the value of improvements erected thereon.

For some twelve years prior to the filing of this action, plaintiff was the owner and in possession of the property in controversy. On September 9, 1925, defendant Cheeseman procured tax deeds for delinquent taxes for the year 1921. The deeds were recorded September 10, and on September 17 following plaintiff filed in the district court his petition in ejectment, in which he alleged that defendant Cheeseman had wrongfully encroached over the line from adjoin-

Taxation, 37 Cyc. pp. 1327 n. 33, 1330 n. 48, 1331 n. 56, 1333 n. 62, 1479 n. 88, 1493 n. 13, 1520 n. 84, 1540 n. 27; 26 R. C. L. 398; 31 L. R. A. n.'s. 1144; 26 R. C. L. 435. Writ of Assistance, 2 R. C. L. 734.

ing property and was starting to erect a small and cheap tile build-
ing thereon. Summons was served upon the defendant September 18.
Trial resulted in finding the tax deeds voidable. A jury impaneled
to try the case returned special findings as follows:

"Q. When was defendant notified that suit had been brought for the re-
covery of this land? A. September 18, 1925.

"Q. Please state the value of lots 7 and 8, block 83, city of Coffeyville,
Kansas, on September 9, 1925. A. Six thousand ($6,000) dollars.

"Q. Please state how much, if any, the property above described was en-
hanced or increased in value by the building of structures thereon on Sep-
tember 18, 1925. A. None.

"Q. Please state if you find the defendant Cheeseman purchased material
and continued the building of said structures on and after September 18, 1925.
A. Yes.

"Q. Do you find that the plaintiff Upham notified the defendant Cheese-
man to vacate said premises and cease the construction of buildings thereon
prior to the institution of this suit? A. Yes.

"Q. Do you find that the defendant Cheeseman acted in bad faith in the
construction of said buildings in order to enlarge his claim for improvements?
A. Yes.

"Q. Did the defendant make valuable and lasting improvements after he
received actual notice that this suit had been brought? A. Yes.

"Q. If you answer the previous question in the affirmative, or yes, then
state the value of said improvements made after he had received said actual
notice. A. One hundred ten dollars ($110)."

The tax deeds were voidable for the following reasons, among
others: The printer's affidavit showing publication notice of sale
was sworn to August 3, 1922, a week prior to the first publication
and four weeks prior to the last publication of the notice. It should
have been made after the publication of the notice, and if it was so
made it should have so stated. The affidavit of publication also
was silent as to the year in which the notice was published. There
was evidence that the publication notice was not posted up as re-
quired by the statute; that the description of land in the publication
notice was not as it appeared upon the tax rolls; that the county
treasurer's name was "C. R. Long," but that the delinquent sale
notice was signed "R. C. Long." Other discrepancies in the pro-
ceedings leading up to the issuance of the tax deeds need not be
noticed. The deeds being less than five years old, were voidable
for such irregularities. (See *Salter v. Corbett,* 80 Kan. 327, 102
Pac. 452; *Gibson v. Walters,* 86 Kan. 101, 119 Pac. 319.)

The defendant Cheeseman made an oral application for an order
finding that the sum of $359.73, paid by him for taxes and costs

in procuring the tax deeds and the accruing interest thereon, be adjudged a first lien on the property; also, that the journal entry provide for a sheriff's jury to assess the value of lasting and valuable improvements made thereon. It was ordered by the court that the tax deeds "be and the same are hereby canceled, set aside, and held for naught, on the payment by plaintiff . . . into court of the sum of $359.73, for the use and benefit of O. M. Cheeseman, which sum . . . is a first lien upon the property described." The court then took under advisement the question as to whether defendant was entitled to a sheriff's jury under the occupying claimant's law. (R. S. 60-1903.) Later the court denied an application of the plaintiff for a writ of assistance to place him in possession of the property and entered an order directing the drawing of a sheriff's jury under the provisions of the statute above mentioned.

We are of opinion there was no authority for the order allowing the selection of the sheriff's jury. The statute provides (italics ours):

"In all cases any occupying claimant . . . being in possession of and holding any land under any sale for taxes authorized by the laws of this state . . . who has obtained title to or possession of without any *fraud or collusion* on his, her or their part shall not be evicted or thrown out of possession by any person or persons who shall set up and prove an adverse and better title to said land until said occupying claimant . . . shall be paid the full value of all lasting and valuable improvements made on said lands by such occupying claimant . . . *previous to receiving actual notice* by the commencement of suit on such adverse claim by which eviction may be effected." (R. S. 60-1901.)

Before filing the action defendant was notified by plaintiff not to proceed with the erection of improvements. The statute limits recovery to "lasting and valuable improvements made . . . previous to receiving actual notice, etc." There was evidence that on the date of the service of summons that the walls of the smaller of the two buildings were practically built; that no construction work had been done on the larger building; that some material was on the ground and that the work done at that time was not of a lasting and valuable character and added no value to the property; that the property was not enhanced in value on that date. Defendant offered evidence contrary to this. The issue was submitted to the jury, who returned the special findings above quoted, which were approved by the trial court. The defendant's motion for a sheriff's

jury was made after the conclusion of the trial and after the jury had returned its verdict. Through this method, defendant sought to obtain the value of improvements placed upon the property after the filing of suit and after the service of summons. The statute makes no provision for such procedure.

"One who forcibly disseizes another and makes such improvements, or one who makes them after action brought to try the title, can have no claim to have his improvements estimated, because he has no right to choose the mode of improvement of another man's property against his known will, and justice will not compensate him at the hazard of doing wrong to the owner." (*Morrison v. Robinson*, 31 Pa. St. 456, 459; see, also, *Estate of Gleeson*, 192 Pa. St. 279, 73 Am. St. Rep. 808.)

The record shows that plaintiff had paid into court the amount of defendant's tax lien. Under the circumstances, plaintiff was entitled to the writ of assistance for which he applied, putting him into possession of the property.

The judgment is reversed and the cause remanded with instructions to enter judgment for the plaintiff.