No. 35,663

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF MITCHELL, *Appellee*, v. ETHAN J. ALLEN et al., *Defendants*. VALENTINE MALEK (MARGUERITE MALEK, Administratrix, etc., substituted) et al., *Appellants*.

(137 P.'2d 143)

Opinion filed May 8, 1943.

*Ralph H. Noah,* of Beloit, argued the cause for the appellants.

*Wm. N. Tice,* county attorney, argued the cause for the appellee.

The opinion of the court was delivered by

HOCH, J.: We are asked to determine whether a tax foreclosure sale of real property, previously bid in by the county for delinquent taxes, was valid. The case is here on appeal by the owner from an order overruling a motion to set aside the order confirming the sale. Appellant contends that the sale was void for the reason that the service of summons was defective and that various requirements of the statute relating to tax foreclosure sales were not complied with.

A brief statement of the facts will be sufficient for presenting the issue. Valentine Malek owned certain lots upon which a business building was located, in Cawker City, Kan. He also owned certain other vacant lots, and the taxes being delinquent on both properties they were bid in by the county for the 1933 taxes. The vacant lots are not directly involved in this appeal and we take no further note of them. The property here involved was listed as Item No. 167 and will be so referred to herein. The taxes on Item 167 continued to be delinquent after the property had been bid in by the county and when the instant action to foreclose was brought the taxes for the years 1933 to 1941 inclusive—with the exception of the years 1938 and 1939—were delinquent.

In November or December, 1941, a petition for foreclosure was filed by the county commissioners in which a large number of properties previously bid in by the county for delinquent taxes was listed. Included in the properties so listed was Item 167, the amount of taxes due thereon being shown in the total sum of $670.26. There is no contention that the tax lien was not then subject to foreclosure. Summons was served upon Malek and upon his wife, Marguerite Malek. Hearing was had, the allegations of the petition found to be true, judgment entered for $687.01, which included interest and penalties, and the property ordered sold. No appeal was taken from the judgment. Order of sale was issued in which defendants were given ten days in which to pay the amounts due. Payment not having been made, the property was advertised and the sale had on March 23, 1942, the day set. Item 167 was sold to one Pargett for $200. On March 30, 1942, the sale was confirmed and the sheriff directed to execute deed. Thereupon Malek filed a motion to set aside the order confirming the sale. Pending the hearing of the motion, the court entered an order to the effect that if the defendant would pay in the sum of $481.46, being the amount of delinquent taxes for the years 1933, 1934, and 1935, the sale would be set aside. At the hearing upon the motion the defendant advised the court that he could not pay the amount fixed but tendered the sum of $250 in payment for the years above stated. The court refused to modify its previous order and overruled the motion to set aside the confirmation. This appeal followed.

We first note that appeal was not taken from the judgment finding the amount due upon Item 167, and directing foreclosure of the lien and sale of the property. There is no serious contention that

the court did not have jurisdiction of the parties and of the subject matter. We are therefore concerned only with the contentions that irregularities of procedure, subsequent thereto, made the sale and the order confirming the sale void.

Appellant first contends that the service of summons was defective in that section 60-2501, G. S. 1935, which relates to actions on contract for the recovery of money, was not complied with. This contention may be summarily disposed of. This was not an action on contract for recovery of money. Moreover, no attack was made upon the summons, by motion to quash or otherwise, and the alleged defects, if existent, were cured by the judgment from which no appeal was taken.

Appellant's next contention is that the judgment rendered in the foreclosure action did not comply with the requirements of section 79-2802, G. S. 1941 Supp., in that it did not recite the name of defendants having or claiming interest in each particular tract upon which a lien is fixed. As already noted, no appeal was taken from the judgment and we will not disturb it. However, we note that the journal entry of judgment did recite that the allegations of the petition—which contained the names of owners and amount of delinquent taxes due on each tract, including Item 167—were true, and did recite the amounts declared to be a lien and order sale to satisfy such stated amounts. It is true that it did not specifically state, as to each tract, "the name of the owner, supposed owner, and party having or claiming to have any interest therein or thereto" as required by the statute.

We pass to consideration of appellant's complaint of irregularities in the order of sale. Appellee concedes that the statute was not fully complied with but contends that the statutory provisions not specifically observed are directory only and do not vitiate the sale. The irregularities here shown are not to be lightly treated. In a comprehensive statute the legislature of 1941 revised and amended the laws relating to the sale of real estate for taxes. (Laws 1941, ch. 375; G. S. 1941 Supp. 79-2301 to 79-2809.) Sections 79-2801 to 79-2809 deal with judicial foreclosure and sale of real estate bid in by the county and the requirements pertinent to the instant case are clear and specific. It is provided in section 79-2804 that after the expiration of ten days from the date of the judgment of foreclosure the clerk shall issue to the sheriff an execution or order of sale "which shall describe each tract, lot or piece of real estate mentioned and

described in such judgment or decree (on which the lien has not been paid) with the amount of lien charged to each tract, lot or piece of real estate, and the cost apportioned to each piece, lot or tract, with the name of the ascertained owner thereof, as disclosed by the judgment or decree, with the command to advertise and sell the same," etc. The record discloses that the instant order of sale contained merely the description of the property. It contained neither the amount of the lien charged against the property nor the "name of the ascertained owner." It merely recited that the county had recovered judgments on the various tracts "as per journal entry on file in said court." Clearly this was not compliance with the statute.

Section 79-2804 further provides that the sheriff shall publish notice of the sale for four consecutive weeks and that the notice shall describe each tract to be sold "and the lien for which it is to be sold," etc. The instant notice contained only the description and omitted the amount of the lien for which the tracts were to be sold.

There appears to be some conflict of authority on the question of whether the failure to insert in the notice of a judicial sale the amount for which the property is to be sold is an irregularity sufficient to invalidate the sale. The decisions, however, would have to be viewed in the light of divergent statutes upon which they are based and no need exists here for extensive review of the subject.

Appellee cites the general statement in 35 C. J., pp. 14, 15, that "statutes prescribing what shall be contained in an order of sale are generally regarded as directory, and vesting a large discretion in the court." This is immediately followed, however, with the statement: "although the contrary has been held." We have examined all of the cases cited in support of these statements and do not find them very persuasive one way or the other on our immediate issue. For instance, in support of the statements quoted by appellee there is cited the case of *Gould v. Garrison,* 48 Ill. 258. That was a proceeding to enforce a mechanic's lien and in the opinion it was said that the statute involved was not intended to apply to such a proceeding and that the time of advertising and the manner and terms of the sale were within the discretion of the court. If the case has any weight here it would tend to support the position of the appellant, for it was said in the opinion that "the officer must conform to the decree, whatever it may be." In the instant case the decree did set out the amount of the lien on

Item 167, but the clerk in preparing the order of sale did not include the amount. Another case cited is *White's Estate*, 178 Pa. 280; 35 Atl. 985. That case is in no way applicable here. The case dealt with an application for an order to sell property made by an assignee for the benefit of creditors and the case simply holds that the court had a discretionary power either to grant or refuse to grant the order. We need not analyze further any of the other cases. Appellee also quotes the statement in 35 C. J., p. 22: "It has been held that the sale will not be set aside because the notice does not state the amount due on the decree." That statement, however, is immediately followed with this statement: "But where the statute expressly requires the notice to state the amount which is to be made by the sale the fact that the notice omits to do so has been held to render the sale invalid." The cases cited in support of the latter statement are more in point here. Our statute does expressly require the notice to state the amount.

Appellee cites *Caldwell v. Bigger*, 76 Kan. 49, 90 Pac. 1095. The case is not very helpful here. It holds that "a sheriff's sale is not, after confirmation and the issuance of a sheriff's deed, void and subject to collateral attack because the owner of the judgment wrote a letter to the sheriff directing a return of the order of sale, which letter was not received until after the sale had been made." The attack in the case at bar was a direct and not a collateral one. Appellee cites *Upham v. Cheeseman*, 123 Kan. 59, 254, Pac. 404, in support of the proposition that where the tax proceedings are irregular and not in conformity with requirements of the statute tax deeds issued thereon are voidable and not void. Again it does not appear that that case is helpful to appellee. The property owner here made a direct attack upon the sale and if it was voidable for irregularities it should have been set aside.

In our recent case of *Womer v. Aldrich*, 155 Kan. 446, 451, 125 P. 2d 392, attention was called to the fact that it was the duty of the court to ascertain and to state in the judgment of foreclosure the names of the defendants who have or claim to have any interest in the tracts upon which a lien is fixed by order of the court. (G. S. 1941 Supp. 79-2802.) If this is a positive duty imposed upon the court certainly the clerk of the court ought not to be relieved of a similar duty in preparing the notice as required by section 79-2804 here involved. In *Cunningham v. Blythe*, 155 Kan. 689, 695, 127 P. 2d 489, we again called attention to the principle well established

in this state that the methods prescribed for the recovery of delinquent taxes are purely statutory and that no method exists apart from the statute. (See, also, *Ness County v. Light & Ice Co.*, 110 Kan. 501, 204 Pac. 536.)

It appears from the record in this case that various short cuts were attempted in the matter of tax foreclosure sales. We are constrained to emphasize the proposition that the comprehensive enactment by the legislature in 1941 heretofore referred to contains clear and definite provisions covering these matters which should be followed. We conclude that the irregularities here shown were sufficiently substantial to make the sale at least voidable and that the court erred in overruling the motion to set aside the confirmation of sale.

The judgment confirming the sale as to Item 167 is reversed, with directions to set aside the sale of that item. The prior judgment fixing the amount of the lien and ordering the sale is left undisturbed.