No. 36,693

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF CHEROKEE, *Appellee,* v (W. D. PRITCHETT et al., Defendants) HOWARD BARNARD, Intervenor, *Appellant.*

(178 P. 2d 189)

Opinion filed March 8, 1947.

*E. B. Morgan,* of Galena, argued the cause and was on the briefs for appellant Howard Barnard.

*C. E. Rumery,* of Baxter Springs, argued the cause, and *Paul Armstrong,* county attorney, and *Robert T. Patterson,* deputy county attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This appeal involves the right of a district court to vacate a judgment rendered in a tax foreclosure proceeding and to set aside a sheriff's sale had pursuant to such judgment.

On July 16, 1945, taxes thereon having been delinquent for many years, the Board of County Commissioners of Cherokee county as authorized by the provisions of G. S. 1945 Supp., ch. 79, art. 28, providing for judicial foreclosure and sale of real estate by the county, caused an action to be filed in the district court of that county for the purpose of foreclosing tax liens on two lots located in the business portion of Baxter Springs. The petition listed the

two lots as one tract and named as defendants all persons who had or claimed to have an interest in that real estate. On October 30, 1945, all defendants being in default, the court rendered judgment fixing the amount due for taxes, foreclosing the tax lien and ordering the property sold. The component parts of the judgment, following the petition, were based upon the premise the lots constituted a single and indivisible tract of land.

At this point, supplementing the foregoing statement, it should perhaps be said the owners of the property have no interest in this appeal and for that reason will not be referred to again.

In due course, after the rendition of the decree, an order of sale issued, a sale notice was published and on January 9, 1946, the sheriff sold the lots as one tract to Howard Barnard, the appellant herein, who now complains of the action and judgment of the district court setting aside the sale and vacating the original judgment.

So much for preliminary facts necessary for informative purposes and required to fully understand the more important issues raised by the appeal. We turn now to the chain of events determinative of the rights of the present parties. They will be related in chronological order as briefly as possible.

Shortly after the sale of the property, the purchaser having paid the sheriff the amount of the bid, the county attorney as the representative of the board filed a motion to confirm the sale. Such motion was not set down for hearing and for reasons presently to become apparent was regarded by all parties as having been withdrawn. Thereupon, and on February 7, 1946, the purchaser intervened and filed his motion to confirm such sale. On the same day, notwithstanding its first motion, the board filed a motion to set aside the sale in which, for the first time, the trial court's attention was directed to certain alleged defects in the sale proceedings. A hearing was had on the two motions last referred to, the parties presenting both oral and documentary evidence. At its conclusion the court took both motions under advisement. On April 11, 1946, the board filed an application to vacate the judgment and all subsequent proceedings in which it alleged that such judgment and subsequent proceedings were irregular and defective because of failure to comply with statutory regulations and requirements in judicial tax foreclosure proceedings. A few days later the purchaser filed a motion to strike this application from the files. Questions raised by the application and the motion last mentioned were pre-

sented to the court in due time and also taken under advisement. On April 27, 1946, the trial court sustained the board's motion to set aside the sale and its application to vacate the judgment, denied all motions filed by the purchaser and rendered judgment accordingly. In doing so it expressly found, among other things, that the records in the office of the county clerk and county treasurer not only failed to show that the lots involved had ever been assessed together as one tract but affirmatively disclosed that since 1929 they had been valued, assessed and taxed, separately by the taxing authorities of Cherokee county.

Before giving consideration to grounds relied on for reversal of the judgment it is necessary to direct attention to the defects and irregularities which, because of the requirements of our statute relating to judicial foreclosure and sale of real estate for taxes, appear in the various proceedings leading up to the rendition of such judgment and the ultimate sale of the lots in question. References hereafter are to G. S. 1945 Supp., ch. 79, art. 28. With respect to those matters the record discloses: (1) The petition does not state the amount of taxes, charges, interest and penalties, chargeable to each tract, lot or piece of real estate involved (79-2801); (2) the decree of foreclosure does not set out (a) the amount of taxes, charges, penalties and interest, to the date of the filing of the petition chargeable to each particular lot, or (b) the name or names of the persons having an interest therein (79-2802); (3) the order of sale did not state or show, (a) the amount of the lien charged to each lot, (b) the costs, charges and expenses of the proceedings and sale chargeable to each such lot, (c) any amount claimed as a lien against either lot separately or as against both as one tract, and (d) the name of the ascertained owners of the lots as disclosed by the decree (79-2804); (4) the notice of sale did not state the lien for which each lot, or both lots as a single tract, were to be sold (79-2804); (5) the lots were not offered for sale or sold separately by the sheriff (79-2804; (6) such lots were sold as a single tract without a court order authorizing that action (79-2803a).

Because of their nature two of appellant's contentions should be decided before this appeal can be disposed of on its merits.

It is first contended that the appellee had no legal right to file a motion to set aside the sale or capacity to question its regularity. So what? It does not follow, as is assumed, that the setting aside of the sale, even if the facts warranted it, was erroneous and re-

quires a reversal of the judgment on that account. Appellant's argument in support of his contention ignores the statute (G. S. 1945 Supp. 79-2804), which requires the court to confirm the sale if regular and permits it to refuse to do so if the proceedings on which it is based are found to be irregular; likewise, entirely overlooks the fact that involved in the judgment is the denial of his own motion to confirm the identical sale and that he, not the appellee, seeks appellate review of the trial court's ruling on that point. Notwithstanding, we believe appellant's contention as he presents it is without merit.

G. S. 1945 Supp., 79-2804b, reads:

"Legal or equitable actions or proceedings may be brought to open, vacate, modify or set aside any judgment rendered for taxes, interest and costs or any order of sale made under the provisions of section 79-2803 of the General Statutes Supplement of 1943 or amendments thereto, or any sale made under the provisions of section 79-2804 of the General Statutes Supplement of 1943 or any amendments thereof, but every such action or proceeding, including those brought on the grounds and in the manner prescribed by the code of civil procedure, must be commenced within six months after the date the sale of the real estate, which was affected by such judgment, order of sale or sale, was confirmed by the court. The provisions of this section shall apply to all judgments, orders of sale, and sales whether the purchaser at the foreclosure sale be the county or an individual."

We find nothing in the section just quoted which limits the right to institute proceedings to set aside orders of sale to property owners or to purchasers at a tax foreclosure sale. To so construe it, in our opinion, is not only contrary to elementary rules of statutory construction but would do violence to legislative intent.

Supporting the conclusion just announced is *Isenhart v. Powers,* 135 Kan. 111, 9 P. 2d 988, which, although it involved other questions, was decided at a time when the tax foreclosure statute, insofar as it pertained to sales and confirmations, was not dissimilar to the one now in force and effect. In that case the right of the board of county commissioners to institute a proceeding by motion to set aside a sale to a third person was recognized and approved. It may be suggested the relief sought in that case was equitable in character and addressed to the discretion of the trial court under a statute which was not then, as it is now (*Sherman County Comm'rs v. Alden,* 158 Kan. 487, 148 P. 2d 509), held to be so specific and complete in itself as to preclude resort to another statute having divergent provisions of more general application.

Even so, *Isenhart v. Powers,* supra, is still to be regarded as a controlling precedent for our conclusion.

Appellant's second contention is that appellee is estopped to complain of error in the court below. In support of his position he points to many of our decisions, including the recent case of *Herl v. Herl,* 154 Kan. 44, 114 P. 2d 817, all holding that where a party induces a court to try an action, or any part thereof, upon his own theory and thus leads the court into an error, he will not be heard to complain *on appeal.* We have no quarrel with the rule announced in the cited decisions. It is a good one and we approve it. The appellee is not here complaining of any error on the part of the trial court. On the contrary, having been successful in that tribunal, he now seeks to uphold—not overrule—its decision. In such a situation neither the rule nor the decisions are applicable or controlling.

With technical questions determined let us now direct our attention to a disposition of this controversy on its merits. Heretofore we have made mention of the fact the parties defendant in the action did not appeal from the foreclosure judgment. We indicated also that the appellant was not a party to such action and that his first appearance therein in any capacity came about from the filing of his motion to confirm the sale. Thus, regardless of how it is stated by the parties, it becomes apparent the primary question presented for appellate review is whether the record discloses facts and circumstances, equally applicable to either position, which warranted the trial court in refusing to confirm the sale on appellant's motion or justified setting it aside on the motion of appellee.

At the outset we note the foreclosure judgment was rendered during the October, 1945, term of the district court, whereas the sale was had and the decree setting it aside was rendered during the January, 1946, term. Be that as it may, it cannot be successfully contended the court's power to set aside the sale was limited to the term during which the original judgment was rendered. In the first place, the language appearing in G. S. 1945 Supp. 79-2804b contemplates that a proceeding to set aside a sale may be maintained at any time after such sale occurs, the only time limitation being that it must be commenced within six months from the date it was confirmed. Besides, to hold otherwise would mean that no sale held after the term at which the foreclosure decree was ren-

dered could be questioned regardless of its validity. Such an intolerable result, even if the language of the statute was indefinite or uncertain—which it is not—would not merit judicial sanction.

Before passing to consideration of irregularities and defects appearing in the sale proceedings we pause to point out that an order of sale is not complete until it is returned by the sheriff to the clerk of the court issuing it. On that account it must be remembered that the phrase "order of sale," as it appears in the section of the statute heretofore quoted, includes all defects and irregularities in the various phases of the sale proceedings disclosed by the sheriff's return and it is not limited to matters appearing on the face of such order as issued by the clerk.

Early in this opinion we set forth at length certain defects and irregularities disclosed by the record and commented they must be so classified because of requirements of the statute. It now becomes necessary to determine whether they are of sufficient importance to require the conclusion the proceedings did not substantially comply with statutory requisites. If so, the trial court's action in finding the sale was not regular, followed by the decree setting it aside, must be upheld.

The problem thus presented is not a difficult one. In *Mitchell County Comm'rs v. Allen,* 156 Kan. 701, 137 P. 2d 143, as in the case at bar, the order of sale failed to state the amount of the lien charged to each tract or the name of the ascertained owners thereof as disclosed by the foreclosure decree. Likewise, the notice of sale did not state the amount of the lien for which each tract was to be sold. There, we held such irregularities were sufficiently substantial to make the sale voidable. On reëxamination of the opinion we are convinced that case was correctly decided. Following such decision we hold the action of the trial court in refusing to confirm, and in setting aside, the sale in the instant case must be sustained.

It can be added that the same reasoning which resulted in the handing down of the decision to which we have referred would seem to require the conclusion that the record here discloses additional grounds for sustaining the trial court's decision, namely, (1) failure of the order of sale to state the costs, charges and expenses, of the proceedings and sale chargeable to each lot, and (2) the fact the lots were not offered for sale and sold separately.

Appellant strenuously contends the question of whether, under the provisions of G. S. 1945 Supp. 79-2804b, the trial court had

power to vacate the foreclosure judgment rendered at a former term is determinable in this appellate proceeding. Just as vigorously appellee contends that once the action with respect to the sale is sustained the appellant is not concerned with the original judgment and the propriety of the trial court's ruling with respect to it is no longer an issue which can be raised by him. We are inclined to agree with appellee. Appellant, as we have heretofore indicated, was not a party to the action, he first appeared therein by intervention when he filed his motion to confirm the sale, his rights date from that appearance, and any relief to which he could possibly be entitled is based solely upon the validity of the sale. The defendants have not appealed from such judgment. Neither do they complain of the order vacating it. In fact, for all we know, they are in accord with that action and are relying upon it. Now that the trial court's judgment in setting aside the sale has been sustained, to pass upon and perhaps deprive them of whatever additional rights they may have acquired under the order vacating the original judgment at the insistence of a third person whose status will not be in the least affected by what happens to it, would be outside any issue now presented by the appeal and highly improper. Therefore, without any indication of what our decision on the interesting and intriguing question raised by appellant might be, we must decline to pass upon it and await the day when a similar issue is presented for determination in an appropriate proceeding.

The judgment is affirmed.