The Honorable Anthony Hensley State Senator, 19th District 2226 S.E. Virginia Avenue Topeka, Kansas 66605-1357
Dear Senator Hensley:
You request our opinion regarding K.S.A. 1996 Supp.79-2812, which provides as follows:
 "Except as otherwise provided by K.S.A. 79-2804g, and amendments thereto, no person shall be eligible to purchase real estate at any delinquent tax sale conducted pursuant to the provisions of K.S.A. 79-2801 et seq., and amendments thereto, if such person is the record owner of real estate upon which there are delinquent taxes of a general ad valorem tax nature or delinquent special assessments in existence as reflected by the records of the county treasurer."
You explain that at least one local official has expressed the opinion that this provision does not preclude a person who owes delinquent taxes from participating in a tax foreclosure sale as an agent bidding on behalf of another individual. You question whether this is a correct interpretation of K.S.A. 1996 Supp. 79-2812. You also inquire whether a sale in violation of K.S.A. 1996 Supp. 79-2812 would be void on its face.
A statute that is "clear and unambiguous . . . is not open to construction or speculation as to the legislative intent behind it. It has long been the rule in Kansas that in determining whether a statute is open to construction, or in construing a statute, ordinary words are to be given their ordinary meaning and courts are not justified in disregarding the unambiguous meaning."State v. Haug, 237 Kan. 390 (1985), quoted in Boatrightv. Kansas Racing Commission, 251 Kan. 240, 245 (1992). Even statutes subject to strict construction are not to be read so as to add that which is not readily found therein, or to read out what, as a matter of ordinary language, is in it. State v. Logan, 198 Kan. 211, 213
(1967).
K.S.A. 1996 Supp. 79-2812 is not limited in its application to persons having redemption rights in the property being sold. That is the function of K.S.A. 1996 Supp. 79-2804g. See also K.S.A. 1996 Supp. 79-2804j. The plain language of K.S.A. 1996 Supp. 79-2812
precludes any person owning any real property on which taxes or special assessments are delinquent from purchasing any real property at a tax foreclosure sale. Nor is it, as a matter of ordinary language, limited to situations where the person is purchasing the property for themselves. It is not ownership of the property that is prohibited by K.S.A. 1996 Supp. 79-2812, butpurchase of the property. However, whether a particular individual's acts constitute the purchase of property turns on the facts of the situation. If an individual is acting solely as an agent for someone else, is subject to the control of that other person with regard to actions taken at the tax sale, and does not take title to the property in question, the agent is not the purchaser of the property and K.S.A. 1996 Supp. 79-2812
does not apply. Seaboard Supply Co. v. Congoleum Corp.,770 F.2d 367, 373 (3rd Cir. 1985); U.S. v. Wood,366 F. Supp. 1074, 1081 (Cust. Ct. 1973); Theis v.duPont, Glore Forgan, Inc., 212 Kan. 301 (1973);Henderson v. Hassur, 225 Kan. 678, 683 (1979).
With regard to the procedure to follow when property is sold in violation of K.S.A. 1996 Supp. 79-2812, the court may decline confirmation of the sale, K.S.A. 79-2804, [see Board of Johnson County Comm'rs v. Kearney,8 Kan. App. 2d 534 (1983)] or action may be commenced pursuant to K.S.A. 79-2804b to vacate the sale.
 "Legal or equitable actions or proceedings may be brought to open, vacate, modify or set aside . . . any sale made under the provisions of K.S.A. 79-2804, or any amendments thereof. . . .
 "The provisions of this section shall apply to all . . . sales whether the purchaser at the foreclosure sale be the county or an individual." K.S.A. 79-2804b. See Cherokee County Comm'rs v. Barnard, 162 Kan. 500, 503 (1947).
In conclusion, except as otherwise provided in K.S.A. 1996 Supp.79-2804g, K.S.A. 1996 Supp. 78-2812 prohibits any person who is the record owner of real estate upon which there are delinquent ad valorem taxes or delinquent special assessments from purchasing real estate at any delinquent tax sale. There is no exception in the statute allowing such a person to purchase as an agent for another. Sales made in violation of this provision may be nonconfirmed by the court having jurisdiction over the foreclosure proceedings, or set aside pursuant to the procedures established in K.S.A. 79-2804b.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
CJS:JLM:jm