## HELDSTAB v. EQUITABLE LIFE ASSUR. SOC. OF UNITED STATES et al.

### No. 1454.

Circuit Court of Appeals, Tenth Circuit.

Aug. 18, 1937.

O. W. Weber, of Salina, Kan., for appellant.

E. S. Hampton, of Salina, Kan. (Wilbur S. Frey, of Kansas City, Mo., and C. W. Burch, B. I. Litowich, LaRue Royce, and L. E. Clevenger, all of Salina, Kan., on the brief), for appellee Equitable Life Assur. Soc. of United States.

Carl S. Byers, of Salina, Kan., for appellee Union Cent. Life Ins. Co.

Before LEWIS, PHILLIPS, and BRATTON, Circuit Judges.

LEWIS, Circuit Judge.

John F. Heldstab, Jr., debtor and farmer, filed his petition under section 75 of the Bankruptcy Act, as amended (11 U.S. C.A. § 203) on September 14, 1935, and therewith a schedule of his secured creditors and the amount owing each of them and a description of their security. He did not file a schedule of his unsecured creditors until December 18, 1935, reporting therewith that it had been inadvertently omitted, the total amount owing to those creditors being $8,892.81. With his petition he also filed a schedule of his assets, consisting of personalty and 560 acres of land in Dickinson County, Kansas, being in two separate tracts. One of the secured creditors named in his schedule is the Union Central Life Insurance Company of Cincinnati, Ohio. He stated it had "a mortgage judgment" on 240 acres, which is in a contiguous body; that the judgment amounts to $7,147.38; that there was a second mortgage in favor of George

Randecker on said land of $2,500, but "No judgment. No suit." He also named the Equitable Life Assurance Society of the United States as a secured creditor; that it had "mortgage in judgment district court" on the other tract of 320 acres in the amount of $19,506.13; and that there was a second mortgage on that tract of $2,300 in favor of Mrs. Weber. The remaining secured creditor named is Leonard Meuli, who holds a chattel mortgage on his heavy farm machinery in the amount of $368.48. In his petition he alleges that he desires to effect a composition or extension of time to pay his debts under said section 75. On September 20, 1935, the District Judge entered orders, (1) approving the petition as properly filed, and (2) referring the matter to a named conciliation commissioner.

The Equitable Life and the Union Central Life respectively filed motions on November 23 and November 27, 1935, which were entitled "Motions to the Jurisdiction." The Equitable Life in its motion stated that it had been the holder and owner of a note for $16,000, a mortgage on the 320-acre tract securing its payment, both executed by the farmer and his wife; that there was default in the payment of interest; that the Equitable Life instituted suit against them in the district court of Dickinson County, Kansas, and on May 22, 1934, judgment was entered in its favor against them for the sum of $18,914.12; that plaintiff mortgagee was decreed to have a first lien on said real estate securing the payment of the judgment, foreclosure of the mortgage was decreed, and sale of the land ordered; that pursuant to order of sale the land was sold to the Equitable Life for $19,506.13; that the sale was confirmed on September 10, 1934, and the court fixed the right of the mortgagor to make redemption from sale at 18 months from date of sale; that the sheriff delivered to the Equitable Life a certificate showing that the sale had been made to it; that no redemption therefrom had been made; that no appeal had been taken from that judgment and decree; and it prayed as to it and its property rights the matter be dismissed and determined.

The Union Central Life held a mortgage given by appellant on the tract of 240 acres. It also brought a foreclosure suit in the state district court. It alleges default in the payment of the note and interest thereon and that it purchased the 240 acres at the foreclosure sale on May 19, 1934, for the full amount of the indebtedness then due it. Additional facts are alleged like those in the other suit. It asks the same relief.

These motions were heard together by the commissioner. He reported his conclusions in brief to the District Judge, but made no findings of fact, except that the insurance companies are "the holders of certificates of purchase of certain tracts of land involved in these proceedings; that said certificate holders are not creditors of this debtor and should be excused from participation in the proceedings herein." He recommended that the motions be sustained.

The farmer petitioned for review of that action by the District Judge and asked for certain conclusions of law. The Judge ruled on the motions separately. As to the Union Central Life he found:

"All proceedings had before the conciliation commissioner, Omer D. Smith, are regular; that sheriff's certificate of purchase was duly executed, acknowledged and delivered by the sheriff of Dickinson County, Kansas, to said the Union Central Life Insurance Company conveying to said company the real estate described in said debtor's petition, to-wit: (the 240 acres) * * * that said the Union Central Life Insurance Company is not a creditor of the debtor, John F. Heldstab, Jr., that said company should be excused from participation in the proceedings herein; that the motion to jurisdiction of said the Union Central Life Insurance Company should be sustained.

"It is ordered that said The Union Central Life Insurance Company be and said The Union Central Life Insurance Company is excused from participation in the proceedings herein.

"It is further ordered that said proceedings insofar as same purports to affect said real estate which said company purchased at said foreclosure sale, to-wit: (the 240 acres) be and the same is hereby dismissed.

"It is further ordered that the motion to jurisdiction of said The Union Central Life Insurance Company be and the same is hereby sustained."

As to the motion of the Equitable Life this is the order in its entirety:

"After due consideration of the above entitled proceedings on the debtor's petition for review, it is by the court found that said proceedings should be dismissed

as to The Equitable Life Assurance Society of the United States, the facts disclosing that its mortgage has been foreclosed and the matter entirely adjudicated.

"It is by the court ordered that the above entitled proceedings be and they are hereby dismissed as to The Equitable Life Assurance Society of the United States, to which ruling the debtor duly excepts."

Each of these proceedings taken by the Judge on these motions is entitled "Order," and each is signed by the District Judge.

We have expressed our views and our reasons therefor on this procedure in our opinion in Wilcons v. Penn Mutual Life Ins. Co., 91 F.(2d) 417, No. 1448, filed July 6, 1937. We adhere in this case to our ruling in that case.

The record presents another confused situation. The debtor presented to the Judge a document entitled "Application for Confirmation of Extension Agreement Under section 74 of the Bankruptcy Act [as amended, 11 U.S.C.A. § 202]," in which he represented that he had—

"offered a proposal for a composition or an extension to his creditors, secured and unsecured, which proposal had been accepted in writing by a majority in number of all creditors whose claims have been allowed including secured creditors whose claims are to be affected by the proposal, which represents a majority in amount of such claims; no money being deposited because of having no debtors entitled to priority, or claiming the same, and because of waivers of payment or deposit."

He attached a copy of his so-called proposal for a composition represented to have been entered into November 25, 1935, and signed by six creditors. It contained this: "that all of the undersigned unsecured creditors have accepted demand notes for the several amounts set opposite to their signatures hereto, and, have all agreed that they have already accepted payments thereon of 75% and will continue to accept settlement of such notes in payments of amounts John Felix Heldstab, Jr., is from time to time able to pay, after having first met interest requirements and rental requirements due to his several secured creditors on their several mortgages.

"This agreement is made to avoid the necessity of bankruptcy of the said John F. Heldstab, Jr., in compliance with section 75 of the Bankruptcy Law of the United States, subsections (a) to (s), inclusive, * * * and it is signed also by secured creditors whose names and signatures with amounts of their several claims are also affixed hereto."

Six names are signed, each coupled with an amount in dollars and cents. Thereupon the conciliation commissioner made report to the Judge. It is entitled "Report of Conciliation Commissioner on Offer of Composition." In that report he said this:

"The following claims against debtor have been filed and approved:

| | |
|---|---|
| Lyda H. Weber (Mrs. O. W. Weber), Salina, Kansas, two unsecured notes | $2,300.00 |
| John F. Heldstab, Sr., Navarre, Kansas, unsecured note | 2,403.16 |
| Mrs. Bertha Sybert, Elmo, Kansas, unsecured note | 370.71 |
| Wm. Barten, Elmo, Kansas, unsecured note | 2,012.93 |
| Lafe Wyckoff, Carlton, Kansas, unsecured note | 667.24 |
| | $7,754.03 |

All of the above creditors having accepted, in writing, the composition and extension proposal submitted by said debtor, their claims constitute all the claims filed and allowed and no payments of money are required to make such agreement effective. Debtor's application for confirmation and extension is transmitted herewith.

Respectfully submitted,
Omer D. Smith,
Conciliation Commissioner."

This report bears date February 14, 1936.

The debtor's counsel also filed a motion addressed to the District Judge entitled "Motion to Confirm and Approve Composition Agreement." In it he states that the debtor now—

"shows the court that a majority in amount and number of all of his unsecured creditors have duly appeared before the conciliation commissioner and have duly filed the proofs of the original amounts of a majority in amount of all unsecured claims, have surrendered their original evidences of indebtedness, either to the commissioner or to the debtor, and, have fully, duly and regularly entered into a composition agreement of this date, herein filed, and have thereby agreed to accept a settlement of twenty-five per cent of their original claims by payment on demand notes when the debtor is able to pay them, or, in such installments as he is able to pay them. Debtor further shows that said composition agreement was duly offered to all

of his unsecured creditors, and, was made and entered into, in good faith, and, truly represents the actual settlement made with said signatory unsecured creditors; Mrs. O. W. Weber, unsecured creditor having no present equity in her certain mortgage on the land involved, having surrendered said mortgage to this debtor and all claim for security.

"Wherefore your petitioner moves the court to confirm and approve said composition agreement with his unsecured creditors named in this proceedings. * * *" That motion was filed in the court January 27, 1936.

On February 24, 1936, an order signed by the Judge was filed in the District Court entitled "Order Confirming Extension Agreement." It reads:

"The court having had under consideration the debtor's application for confirmation of the extension agreement entered into by the debtor and his creditors, and the statement of the Conciliation Commissioner in regard thereto, find that the claims represented by the agreeing creditors constitute all the claims filed and allowed, and that the extension agreement should be confirmed;

"It is, therefore, ordered, adjudged and decreed that the extension agreement entered into between the above debtor and his creditors be and the same is confirmed.
"Richard J. Hopkins, Judge."

It is to be observed that on the face of this order it is not a confirmation of a composition with creditors. The word composition is not found in the order. But that is not the last of this. On March 23, 1936, the debtor's attorney filed in the District Court a motion entitled "Motion to Set Aside Composition." It recites that the debtor feels aggrieved by the composition or extension agreement confirmed by the court on February 26, 1936, and that it be now set aside in that it appears that the debtor did not actually obtain as he represented and then believed its acceptance in writing by a majority in number of all creditors whose claims have been allowed, including secured creditors whose claims were affected, and he moved the court to set aside the order "confirming said composition or extension."

On March 25, 1936, the debtor over his own signature filed an amended petition addressed to the District Judge in which he stated that he had been unable to obtain the acceptance in writing of a majority in

number and amount of secured and unsecured creditors as required by subsection (g) of section 75 of the Bankruptcy Act (as amended, 11 U.S.C.A. § 203(g), and asked that he be permitted to amend his original petition and substitute his amended petition in so far as the contents were not in agreement, and prayed that he be adjudged a bankrupt, and prayed that all his property, encumbered and unencumbered, be appraised, and that he be allowed to retain possession of any part or parcel of the remainder of his property and pay for the same under the terms and conditions set forth in subsection (s), as amended (11 U.S.C.A. § 203(s). On that day, March 25, the court entered a signed order overruling other motions. One of them was the motion to set aside the prior order of the court confirming the composition had with creditors entered on February 26, 1936. That undoubtedly refers to the order of the court which was entitled "Order Confirming Extension Agreement," but in which, as already said, a composition with creditors was not mentioned. In this order of March 25 is this:

"debtor counsel moved and presented his motion to set aside the composition on the ground that the acceptance of a majority of creditors affected had not been obtained, except that the creditor status of said Union Central Life Insurance Company be first established. The court finds that said motion should be overruled.

"It is therefore ordered that the motions to set aside the order of dismissal and the order confirming the composition be overruled and they are hereby overruled.
"Richard J. Hopkins, Judge."

A composition and an extension proposal as used in section 75 are entirely different things. Composition by creditors with their debtor in bankruptcy is an agreement between them that the latter will pay down and the former will accept a named per cent. of their claims in full satisfaction. If such agreement is made and confirmed by the court it discharges the bankrupt of all his debts when he deposits with the court an amount sufficient to pay all his creditors the percentage agreed on, except those fully secured. There is nothing left to be done except the bankrupt makes deposit of the total amount to be paid to all creditors, which under order of the court is distributed to creditors by a named officer, and the whole controversy is thereupon dismissed out of

court. Here under the agreement nothing was deposited, nothing to be distributed. The debtor was to pay 25% of his creditors' claims to them at some indefinite time in the future, if he could do so. An extension proposal is an agreement on the part of the creditors that they will extend the time within which their claims are probably to be paid, in full as to secured creditors, on the terms proposed by the debtor and approved by the court. The debtor's proposal may or may not be approved by the Bankruptcy Court. The court must be satisfied according to the terms of subsection (i), § 75 (11 U.S.C.A. § 203(i): (1) that it includes an equitable and feasible method of liquidation for secured creditors and of financial rehabilitation for the farmer; (2) that it is for the best interests of all creditors; and (3) that the offer and its acceptance are in good faith, and have not been made or procured except as therein provided, or by any means, promises, or acts therein forbidden. A feasible method of liquidation means that the court must be convinced that the extension proposal to creditors is one that probably can be carried out by the debtor and result in a liquidation to secured creditors and rehabilitation for the farmer, and that it is to the best interests of all creditors. Nowhere in this record is there the slightest indication that an extension proposal was ever offered to or accepted by the creditors or presented to the Judge for confirmation.

There is another point of confusion in the record. In the above discussion we have referred to three orders made by the Judge over his signature, one entitled "Order Confirming Extension Agreement," one entitled "Order Sustaining Motion of Union Central Life Insurance Company to Jurisdiction," and one entitled "Order of Dismissal as to the Equitable Life Assurance Society of the United States." They are all dated February 24, 1936, but throughout the record they are invariably referred to in pleadings and court orders as of date February 26, 1936. They are so referred to in the court's order of March 25, 1936, above discussed in what is entitled "Order Overruling Motions to Set Aside Orders," and it is the three prior orders from which appellant purports in his petition for appeal to appeal from, separately stating that they are of date February 26, 1936. He also included said order of March 25, 1936, from which he sought to appeal. Also, the signed order of the Judge allowing the appeal refers to them as of those dates, February 26 and March 25, 1936.

The debtor, having failed to use reasonable efforts to obtain a valid composition agreement with his creditors and its approval by the court, and having neglected any effort to obtain a valid agreement extending the time within which he might pay his debts, also to be approved by the court, has no right to invoke the procedure under said subsection (s), they being precedent conditions to his right to be adjudged a bankrupt under that section and thereafter proceed as such. Subsection (c), § 75 (11 U.S.C.A. § 203(c), which authorized the filing of his original petition, stated the purpose in doing so, "to effect a composition or an extension of time to pay his debts." Subsections (h), (i), (j), (k), (l), as amended (11 U.S.C.A. § 203 (h–l), require his action in the respects just stated and an approval by the court of what he proposes to do in either respect, a composition with his general creditors and his secured creditors to the extent that the latter may be affected or a proposal for extension of time within which he may be allowed to pay all his creditors what he owes them, the court first approving it as an equitable and feasible method of liquidation for secured creditors and financial rehabilitation of the farmer, that it is for the best interests of all creditors, and that in the proposal he is acting in good faith. It is the one opportunity of the court to determine whether he probably can do what he proposes to do. He need not propose to save all his property from his creditors, but only a part of it. It seems a fair deduction from the facts and the debtor's conduct that he had no hope of carrying out a feasible method of liquidation of his indebtedness, but his intention was to hold possession of all his land as long as he might do so, and that his efforts will cease as soon as he is confronted with immediate ouster.

As in the Wilcons Case, No. 1448, supra, and for the reasons there stated there was no adjudication of the rights of the Union Central Life Insurance Company and of the Equitable Life Assurance Society of the United States in this case.

Remanded. Let those companies file their petitions as indicated, if so advised. Let appellant answer thereto. The District Judge will then set the issue or issues for trial, hear the evidence, if any, and adjudicate their rights. Further procedure as

to the condition of the record, discussed above, or other procedure in other respects is left entirely with the Bankruptcy Court.