No. 33,585

The Union Central Life Insurance Company, *Appellee,* v. Marie Heldstab, *Appellant;* John Felix Heldstab et al. (*Defendants*).

(73 P. 2d 1020)

Opinion filed December 11, 1937.

*O. W. Weber,* of Salina, and *George D. Bischoff,* of Abilene, for the appellant.

*Carl S. Byers,* of Salina, for the appellee.

The opinion of the court was delivered by

Dawson, C. J.: This is an appeal from a judgment denying the application of Marie Heldstab to open a judgment in foreclosure which had been entered theretofore against herself and others.

The case was here before on an appeal by one of her co-defendants (*Union Central Life Ins. Co. v. Heldstab*, 145 Kan. 184, 64 P. 2d 579), wherein the usual rule was restated that a defendant in a foreclosure action against whom judgment was rendered by default on publication service was not entitled to have the judgment opened and to be let in to defend where his verified application therefor was not accompanied by a full answer pleading a meritorious defense to the whole or some material part of plaintiff's petition, as the statute requires. (G. S. 1935, 60-2530.)

On the present appellant's application to open this same judgment the trial court held that her answer was subject to the same infirmity. To determine the propriety of that ruling we must take notice of the foreclosure action and its significant incidents:

On August 9, 1922, this appellant and three codefendants executed 21 promissory notes, in varying amounts and due dates, and to secure their payment they gave a mortgage on certain Dickinson county land. Later plaintiff executed a partial release on 80 acres of the mortgaged premises. But the notes were not paid, the taxes fell in arrears, and the plaintiff mortgagee had to pay the fire insurance premiums on the premises. These delinquencies resulted in foreclosure proceedings which were begun on December 22, 1933, and proceeded to judgment in the sum of $6,875.76; foreclosure sale followed on May 19, 1934, and confirmation of sale on May 21, 1934; and an order of court directed the sheriff to execute a deed conveying the property to the purchaser, the plaintiff herein, in 18 months unless redemption was made within that period, all in due course of the law.

On March 22, 1937, two years and ten months later, this appellant, Marie Heldstab, filed a verified application to open the judgment, containing the usual allegations as to her residence outside the state, her want of actual notice of the action, that she had a good defense thereto, that she was not in default when the action was begun, and that she was willing and able to meet all conditions imposed by the court if the judgment were opened and she be permitted to defend. In her answer accompanying her verified

application, she made a general denial and made a special plea excusing herself of laches on the ground that—

". . . her rights and interests in this cause are quite analogous, though not identical with those of William F. Heldstab, her husband and co-defendant, and she has awaited the result of his application and answer heretofore filed herein as a proper and competent method to determine what this pleading now seeks, namely, the right to defend this suit in her own behalf."

She then alleged that she was not in default in the payment of the installment notes secured by the mortgage, for the reason that plaintiff's financial agent, one J. Frank Cravens, made a binding agreement in writing with defendant, John Felix Heldstab, Jr., for the benefit of all the mortgagor defendants, for a cash consideration of $50 paid to plaintiff—

". . . whereby it undertook and agreed with him to keep said mortgage in good standing without default upon the condition that said defendants would pay as much as they could and as often as they could."

The answer further alleged that notwithstanding this agreement evidenced by two letters dated November 4, 1933, and November 24, 1933 (copies of which were appended to the answer), the action in foreclosure was begun within a month thereafter, December 22, 1933, which "suit was in contravention of said agreement."

The answer contained other allegations and was expanded into a cross petition, but those details will require no consideration.

Plaintiff lodged a demurrer to the answer on the ground that it did not constitute a full answer to the petition in foreclosure, and that it did not state facts constituting a defense to the whole or any material part of plaintiff's cause of action.

This demurrer was sustained, hence this appeal.

First, let us examine the letters constituting the alleged agreement "to keep said mortgage in good standing without default," for which agreement $50 was paid in cash by appellant's codefendant. The material parts of the Cravens letter read:

"FINANCIAL DEPARTMENT
THE UNION CENTRAL LIFE INSURANCE COMPANY
J. FRANK CRAVENS, MANAGER
NOVEMBER 4, 1933.
"Mr. John F. Heldstab, . . .                                    # 123,451
"DEAR SIR: The end of the year is rapidly approaching, and our home office is pressing us to remove all past-due items from the books. In order to do this it is necessary to have your coöperation—not in the form of promises—but with cash. This may require some sacrifice on your part and may require

you to sell your wheat, corn, or livestock that you would like to hold or use the proceeds for other purposes.

". . . Several months ago the government made provision for you to obtain a substantial wheat bonus check in exchange for a reduction in your wheat acreage. . . . What better use of your check could you find than by paying off on your farm?

"If you have applied for a federal farm loan, that fact does not pay your debt or prevent you from continuing your payments to us.

". . . In the meantime, it is necessary for you to continue to pay us and get your loan in good standing on the books of the company as quickly as possible.

"We still have faith in you and believe you will do your part by sending us as much as possible, as quickly as possible, and as often as possible. Please do not fail us. . . .          (Signed)   J. FRANK CRAVENS, *Manager*."

In response thereto a check for $50 was mailed to the plaintiff, accompanied by a letter which read:

"*Union Central Life Insurance Company,* . . .          "NOVEMBER 24, 1933.
                                             Re # 123,451     J. F. HELDSTAB, JR.

"GENTLEMEN: In line with your previous offer to accept from time to time what he can pay and continue the loan so long as payments are in line with your offer, I enclose $50 check of Mr. Heldstab at his request.

"This in acceptance of your offer per letter of yours of November 4, 1933, to send as much as possible, as quick as possible and as often as possible. . . .
                              "(Signed)   O. W. WEBER."

Did these writings constitute an agreement "to keep said mortgage in good standing without default"? We think not. Cravens' letter contains no promise to that effect, nor is it open to such construction. It contains no offer to refrain from commencing the action to foreclose. A debt of several thousand dollars, in principal, interest and taxes, was then in default. The payment of $50 was properly credited on that indebtedness. It did not constitute consideration for forbearance to sue in foreclosure. And if it could be so considered, there was no time of such forbearance specified. The judgment in foreclosure was for $6,875.66, from which fact it is clear that a payment of $50 would not constitute consideration for forbearance to sue on the overdue indebtedness very long. The action was not begun for a month after the $50 payment was made. It is clear that this alleged agreement "to keep said mortgage in good standing without default" did not exist. The letters are not susceptible of such an interpretation. (*Bishop & Babcock Sales Co. v. Brogan,* 128 Kan. 779, 280 Pac. 749.) The answer constituted no defense to the whole or any material part of plaintiff's petition, and the trial court's ruling on plaintiff's petition to open the judgment

was correct. (*Frizell v. Northern Trust Co.*, 144 Kan. 481, 61 P. 2d 1344; *Union Central Life Ins. Co. v. Heldstab,* supra.) See, also, *Heldstab v. Equitable Life Assur. Soc.,* 91 F. 2d 655.

The judgment is affirmed.