No. 34,289

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF ATCHISON (*Plaintiff*) and C. D. TAYLOR, *Appellees,* v. R. E. WRIGHT, HENRY NIEMAN (*Defendants*) MARY NIEMAN (his wife) et al., *Appellants.*

(99 P. 2d 857)

Opinion filed March 9, 1940.

*Max Frederick,* of Leavenworth, and *T. A. Moxcey,* of Atchison, for the appellants.

*John E. Buehler,* of Atchison, for the appellees.

The opinion of the court was delivered by

ALLEN, J.: This was a delinquent tax foreclosure action brought by the board of county commissioners. The action covered various tracts of land and included lots 1 and 2 in Potter, alleged in the petition to be owned by appellant Henry Nieman. Resident service was had on Nieman.

On September 10, 1938, judgment was taken in the action, the judgment against lot 1 being for $8.67 and against lot 2 for $30.29. Order of sale was issued, notice of sale was published and the sale

was made on October 25, 1938. Lot 1 sold for $3.50, and lot 2 for $10, both to C. D. Taylor, appellee.

On October 29, 1938, the sheriff filed his return, and on the same day a motion to confirm the sale was filed, and an order of confirmation was entered forthwith. On November 2, 1938, and during the same term of court, appellant Henry Nieman filed his motion to set aside the sale and the order of the court confirming the sale, and asked to be allowed to pay into court the amount of the judgment with interest and costs. Appellant asked for an order restraining the issuance of a deed pending such motion. This motion was granted and a hearing on the motion was set for November 12, 1938. The evidence submitted at the hearing disclosed that the property in question was purchased by appellant in 1920, and that appellant and his wife have occupied the property as their home since that time; that appellant paid about $2,000 for the property and that at the time of the hearing it was reasonably worth $500.

At the conclusion of the hearing on November 12, the court overruled the motion to set aside the order of confirmation.

On November 19, 1938, appellant Nieman filed a motion to set aside the judgment, and to set aside the sale and the order of confirmation. On January 7, 1939, this motion was overruled. The order of confirmation, the motions to set the same aside, and the rulings on the motions were made at the same term of court.

Error is specified in overruling the motion of appellant to set aside the sale and the order of confirmation.

Appellees direct our attention to G. S. 1935, 79-2804, which provides:

"The sheriff shall make return to the clerk, and the same shall, as soon as practicable, be examined by the court, and if found by the court to be regular, it shall be confirmed, and the sheriff ordered to forthwith execute to the purchasers at such sale a good and sufficient deed therefor. . . ."

Appellee contends that under this statute, where the proceedings are regular, the court is not vested with discretion to set aside a sale and the confirmation of the sale.

We have ruled otherwise. In *Isenhart v. Powers*, 135 Kan. 111, 9 P. 2d 988, it was held that it was not an abuse of discretion in the trial court in a tax foreclosure action to set aside a sale and confirmation of sale of a lot left in the sale list by mistake. In that case the court had under consideration the provisions of 79-2804. The court considered the spirit as well as the letter of the statute. (See 59 C. J. 964.)

The purpose of the statute in authorizing an action for the enforcement of the lien on real estate for delinquent taxes was to compel the payment of the taxes legally assessed. To that end 'the real estate is directed to be sold, but under G. S. 1935, 79-2803, provision is made for redemption before the day of sale. Under section 79-2804 the sale is to be confirmed by the court. Where the lot owner appears before the deed is delivered as in this case and offers to pay the amount of the judgment with interest, charges and costs, we think the money should be accepted and the sale and the confirmation of sale be set aside. Here the appellants' home, worth $500, was sold for $13.50. As the judgment against the lots was for $38.96, the amount bid by the purchaser was about one-third of the amount of the judgment. The end and purpose of the law was to secure the payment of the taxes, not to sell the man's home. As the appellant stood ready to pay the amount due with interest and costs, we think the court erred in not setting aside the sale and the order of confirmation.

The judgment is reversed with directions to set aside the sale and the order of confirmation of the sale conditioned upon payment of the amount of the judgment with interest and costs.