No. 35,873

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SHERMAN, *Plaintiff,* v. HAROLD DEMAREE et al., *Defendants* (T. MAC DOWNING, *Appellant,* ORVILLE MANN, Interpleader, etc., *Appellee*).

(142 P. 2d 722)

Opinion filed November 6, 1943.

*Frank J. Horton,* of Goodland, was on the briefs for appellant T. Mac Downing.

*Elmer E. Euwer,* of Goodland, was on the briefs for appellee Orville Mann.

The opinion of the court was delivered by

HARVEY, J.: On November 25, 1941, the county brought this action under G. S. 1941 Supp. 79-2801 *et seq.* to enforce its lien for taxes upon a described eighty-acre tract of land (and other tracts not involved here), the title to which stood in the name of T. H. Downing and on which the unpaid taxes for the years 1931 to 1940, both inclusive amounted to $311.29. Service of summons by publication, as provided by G. S. 1935, 60-2525 *et seq.*, was had upon T. H. Downing and wife, if living, and if deceased upon their unknown heirs, etc., as authorized by G. S. 1941 Supp. 79-2801. On February 19, 1942, no appearance having been made by defendants, the court, upon due consideration, rendered judgment for plaintiff, foreclosing its tax lien upon the property in question. In due course an order of sale was issued and on April 13 the sale was had, at which time the land in question was sold to Orville Mann for $625. On April 25, 1942, plaintiff filed a motion to confirm the sale. Two days later T. Mac Downing, by his attorney, filed a motion asking the court to refuse to confirm the sale for the reason "that this petitioner, with his sister, owns this land, was not made a party to this action, had no knowledge of the sale, or the proceedings as had therein, . . ."

On June 2, 1942, T. Mac Downing filed an answer, which contained a general denial, and alleged that he, jointly with his sister, was the owner and in possession by a tenant of the land; that the tenant knew his address to be McComb, Ill., and that his address was also on record with the Farm Bureau in the courthouse, and further alleged the rendition of the judgment of February 19, the sale on April 13, and that he had filed the motion asking the court to refuse to confirm it. He further alleged that he had no knowledge of the proceedings prior to about April 20, 1942; that Orville Mann purchased the property with full knowledge of the fact that it was to be sold to satisfy the judgment obtained on publication service, with knowledge of the tenancy, and was not a purchaser in good faith, and that defendant is ready and willing to pay to the clerk of the court the sum alleged to be due, $311.29, with interest and costs. The prayer was that the sale held April 13 be set aside and for an order of the court directing that the amount alleged be paid into the hands of the court. This was verified by defendant's attorney.

Orville Mann, the purchaser at the sheriff's sale demurred to this answer, which demurrer was sustained by the court.

On August 8, 1942, T. Mac Downing paid to the clerk of the court $365.89 to cover the obligation involved and filed an amended and supplemental answer, including the allegation of the payment to the clerk of the court. The demurrer of Orville Mann to this answer was sustained and the defendant was granted until December 5, 1942, in which to plead. On December 31, 1942, T. Mac Downing filed a second amended answer with the additional allegations that at the time judgment was rendered in this action the court was not fully advised as to the exact and true conditions which existed, in that the petition did not contain a proper description of the land, the correct amount of taxes, judgment, interest and penalties chargeable thereto, the proper owner having an interest therein, and in not giving the date of sale for delinquent taxes, and the name of the tenant in possession; and further alleged that the property was reasonably worth $1,600, and that the amount of the sale was far below its value. This was verified by defendant's attorney, who also filed a separate affidavit that T. Mac Downing was absent from the state and had no actual knowledge of the pendency of the action until about the 20th of April, 1942.

Orville Mann, as purchaser at the sheriff's sale, moved to strike that answer from the files for the reason that it was filed out of time without the consent of the court. On January 6, 1943, T. Mac Downing filed an affidavit stating that he and his sister jointly owned the land in question and that during the pendency of the cause neither of them had any actual notice or knowledge of the pendency of the suit in time to appear and defend. On January 6, 1943, the court sustained the motion to strike from the files the second amended answer of T. Mac Downing. He then asked permission of the court to file the answer, which was granted. Orville Mann demurred thereto for the reason that it did not state facts sufficient to constitute a defense to the cause of action set forth in the petition. This demurrer was considered and sustained. The court also confirmed the sale and ordered the sheriff to execute a proper deed to the purchaser, Orville Mann. This order was stayed pending this appeal by the giving of a supersedeas bond.

Appellant contends the court erred in sustaining the demurrers to his several answers. The point is not well taken. It is well settled that to open a judgment rendered on publication service under our statute (G. S. 1935, 60-2530) the defendant must not only show to the satisfaction of the court that he had no actual

knowledge of the suit in time to defend, but also he must file an answer which sets up a defense to the cause of action set forth in the petition. (*Durham v. Moore,* 48 Kan. 135, 29 Pac. 472; *Frizell v. Northern Trust Co.,* 144 Kan. 481, 61 P. 2d 1344; *Union Central Life Ins. Co. v. Heldstab,* 146 Kan. 929, 73 P. 2d 1020.) The answers filed by appellant contain no allegations of issuable facts which, if filed before judgment and considered by the court, would have justified the court in refusing to give judgment for plaintiff. Had the facts justified it, defendant might have alleged that the land was not subject to taxation, or that the taxes had been paid, or that the statute under which levies had been made was invalid. Perhaps other defenses to the action might have been pleaded if the facts warranted it. Here no meritorious defense was pleaded. In the absence of such an answer pleading a defense the court was justified in sustaining the demurrers.

Appellant argues that the court erred in not accepting as payment of the tax the payment made into court for that purpose on August 8, 1942. The statute (G. S. 1941 Supp. 79-2803) only authorizes defendants to pay before the day of sale, which in this case was April 13, 1942. So at the time the payment was made by appellant to the clerk of the court he had no statutory right to make the payment and insist on having the sheriff's sale set aside. In this court appellant calls our attention to *Atchison County Comm'rs v. Wright,* 151 Kan. 325, 99 P. 2d 857, where the court held that the trial court had a measure of discretion which should have been exercised in favor of the taxpayer in that case. The facts, however, are quite different. The property there was the homestead of the taxpayer and his wife. They had bought the property in 1920 and paid $2,000 for it and since that time had occupied it for their home. At the time of the hearing it was worth about $500. The judgment for taxes against the property was $38.96. The bid at the sale was only $13.50. The character of the property and its use, its value, and the low bid compared with the judgment, prompted this court to conclude that the trial court should have exercised a judicial discretion and given the taxpayer an opportunity to save his home. The court did not hold, and did not intend to hold, that in any case the taxpayer might ignore not only the judgment of the court but the judicial sale and come in and pay the taxes any time before a sheriff's deed is issued. To do so would discourage bidding at such sales. The factual situation in this case is quite different. Here

owners of the property for ten years contributed nothing in taxes to the support of the state and local government. Apparently they had been getting some return from it all that time. It was not a homestead. The amount bid for the property was a great deal more than the judgment for taxes. While in one of the answers it was alleged the property was of the reasonable value of $1,600, on the other side we are told in the brief that the sale was for a fair amount. There was no evidence as to the value of the property, and the court made no finding on that point and we cannot decide it here. Under our statute relating to judicial sales (G. S. 1935, 60-3463a) the bid was adequate.

The amendments made to our tax laws in recent years have looked toward the more prompt collection of taxes. Since appellant had no statutory right to pay the taxes in August, 1942, and have the sheriff's sale set aside, and we find no reason to say that the situation is such as to require the court to exercise its equity powers for the relief of the taxpayer, we find no error in the trial court's ruling.

The result is the judgment of the court below should be and is affirmed.