No. 36,399

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SHERIDAN, *Appellant*, v. ALBERT HAMILTON ACRE et al. (FEDERAL FARM MORTGAGE CORPORATION, *Appellee*).

(160 P. 2d 250)

Opinion filed July 7, 1945.

*Alex. M. Fromme,* county attorney, argued the cause for appellant.

*Edward H. Jamison,* of Wichita, argued the cause, and *C. L. Thompson,* of Hoxie, and *Robert C. Dow* and *Conrad L. Ball,* both of Wichita, were on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.: This was an action by the county to foreclose delinquent tax liens on mineral interests in real estate. The petition, filed December 18, 1942, described tax liens upon approximately 200 mineral interests which had been separately taxed. We are concerned here with but five of them, being five separate mineral interests separately taxed and approximating 15/32 of the mineral interests in one quarter section of land—the northeast quarter of section 33, in township 9, range 26, west. In the petition the item No. 137, described an undivided 3/16 interest in the oil, gas and other minerals in, under, or that may be produced from the 160 acres of land described, and named as the owner, or supposed owner, J. L. Conroe, and as persons having, or claiming to have, some interest therein, The Republic Natural Gas Company, a corporation, F. A. Sansome, Dora N. Houston, Dewey E. Waggoner, Homer H. Heath, S. J. Houston, and O. R. Phelps. Tract No. 138 was an undivided 1/32 interest in such minerals in the same land and named as the owner, or supposed owner, Dewey E. Waggoner; tract No. 139 was on a 1/16 interest in the minerals in the same land and named as owner, or supposed owner, F. A. Sansome; tract No. 140 upon a 1/8 interest in the minerals in the same land and named as the owner, or supposed owner, S. J. Houston; and tract No. 141 was for a 1/16 interest in the minerals under the same land and named as the owner, or supposed owner, Dora N. Houston; and in each of the tracts 138, 139, 140 and 141, all the persons not named as the owners, or supposed owners, who were named as the owner, or sup-

posed owner and as having or claiming to have some interest in tract 137, were named as persons who had or claimed to have some interest in each of the respective tracts.

A large number of persons and corporations were named as defendants in the action. Service of summons was made on each of them personally, where that could be done, otherwise by publication. Among the defendants named in the petition was The Federal Farm Mortgage corporation, which corporation was not only served personally, but filed a written entry of appearance in the action, reserving only the right to plead by February 5, 1943. The prayer of the petition was that each of the defendants be required to appear and establish his claim of any estate, right or title in or to any of the real estate described in the petition; that the court determine the amount of the taxes, interest and charges against each piece of land; determine the name of the owners, or party or parties having an interest therein, and for a decree that the amount so found due be a first and prior lien upon the real estate, and that the same be advertised and sold as provided by law.

In the judgment and decree of the court, rendered September 16, 1943, the court found J. L. Conroe, Dora N. Houston, Homer H. Heath, S. J. Houston, O. R. Phelps, Republic Service Gas Company, a corporation, F. A. Sansome, and Dewey E. Waggoner (among others) were duly and regularly notified of the pendency of this suit by publication notice of summons, as provided by law, and further found that The Federal Farm Mortgage Corporation (among others) had been duly and legally served personally with summons, as provided by law; and the court particularly found "generally for the plaintiff herein and against the above named defendants and each of them, . . . and the name or names of the ascertained owners, defendants herein, are as follows," listing as owner of tract No. 137, J. L. Conroe; tract No. 138, Dewey E. Waggoner; tract No. 139, F. A. Sansome; tract No. 140, S. J. Houston, and tract No. 141, Dora N. Houston. Judgment of foreclosure for the amount of the taxes found was duly rendered; and it was further ordered that if the taxes on the interest in minerals, set out and described, be not redeemed by the payment of the liens thereon within ten days, an execution or order of sale be issued by the clerk, directed to the sheriff, commanding him to cause the property to be advertised and sold according to law, and providing how the proceeds of the sale should be disbursed, and continued:

"It is further ordered that from and after the confirmation of the said sale, and the execution and delivery of deeds by the sheriff to the purchasers, that all defendants and all persons claiming, or hereafter to claim by, through, from, or under them, or any of them, shall be forever barred, cut out, and foreclosed of and from ever asserting any right, title, claim, interest, lien, or equity of redemption in or to the said property, or any part thereof, and the grantee in such sheriff's deeds shall have all necessary writs of assistance or other processes to put him or them in possession of the property."

The tracts in question were not redeemed prior to the day of sale. The order of sale was duly issued and named the owners of the tracts in question the same as they were named in the decree. The sale was duly advertised and held on October 7, 1943, at which sale the five mineral interests above mentioned were sold to one Ad Smith for sums aggregating $155. The sale was duly confirmed and the court directed the sheriff to issue a sheriff's deed to the purchasers for the tracts or units of minerals purchased by them at the sale. The sheriff's deed was duly issued to Ad Smith on November 14, 1943, for the tracts in question, which deed was filed for record in the office of the register of deeds on February 3, 1944.

On December 7, 1944, the Federal Farm Mortgage Corporation, with leave of court, filed its intervening petition in which it alleged the general nature of the action, the duties of officers under the statute relating thereto, which will be later noted, and that on November 2, 1942, in an action in the same court, entitled *"Federal Farm Mortgage Corporation, a corporation, plaintiff, v. O. R. Phelps, et al.,"* all the property described in the tax foreclosure suit (items 137, 138, 139, 140, 141), including all mineral interests in connection therewith, was sold by the sheriff pursuant to a judgment in the mortgage foreclosure action to the Federal Farm Mortgage Corporation, and that a certificate of purchase was issued to it on November 14, 1942; that the petitioner was the owner of record of the equitable interest in and to all the property described in the items referred to in the tax foreclosure action on the date the petition in that action was filed; that through inadvertence, design or mistake the plaintiff in the tax foreclosure action failed to name the Federal Farm Mortgage Corporation as one of the defendants owning or claiming to have some interest in the mineral interests described; that the judgment of the court, and the order of sale issued, failed to name the petitioner as an owner or as having an interest in the property; that by reason of these failures the court was without jurisdiction to adjudicate and determine the rights of the petitioner in and to the va-

rious mineral interests upon which plaintiff attempted to foreclose its tax lien, and that all the proceedings therein, including the judgment, order and sale, and confirmation thereof, are void and of no effect insofar as the rights of the petitioner are concerned. It was further alleged that the petitioner, as equitable owner, had the right at any time prior to the sale to pay the taxes, interest, costs and charges assessed against the various mineral interests upon which plaintiff attempted to foreclose its lien, and would have done so had it been notified according to law that plaintiff was attempting to foreclose its tax liens; that the petitioner had no actual notice of the pendency of the action as to such mineral interests, and had not had its day in court, and still has the right to pay such taxes, interest and costs as are chargeable against such mineral interests, and hereby tenders and offers to pay into court all such sums properly assessed thereon. The prayer was for an order of the court vacating, setting aside and holding for naught the judgment, order of sale, sale and confirmation in connection with the mineral interests described, insofar as the rights of the petitioner thereto are concerned, and that it be authorized to pay the taxes, interest, charges and proportionate costs and effect a redemption thereof on its behalf; and further prayed for a judgment barring all rights, title and interest of the plaintiff herein, and all defendants, in and to the mineral interests after the redemption thereof, and for such other relief as the petitioner may be entitled to.

To the above intervening petition the plaintiff, on December 13, 1944, filed its motion to dismiss the intervening petition and answer thereto in which it alleged that the action was filed on December 18, 1942; that the Federal Farm Mortgage, Corporation was one of the defendants named in the action and that personal service was had personally within the state of Kansas upon that corporation on January 2, 1943, and that in addition to the summons and return showing such personal service the general counsel for and on behalf of the corporation filed an entry of appearance for it, which reserved to the corporation the right to plead to the petition on or before February 5, 1943, the same being the answer date set in the summons; that no demurrer, answer, or other pleading was filed in the action by or on behalf of the corporation, and that on September 16, 1943, judgment was rendered against the corporation and other defendants against the mineral interests, which was referred to and is the same as previously set out; that at the time of the rendition of the judg-

ment the corporation was wholly in default for want of pleading; that the petition in the action stated one cause of action against the corporation and other defendants as being interested either jointly or otherwise in all of the separate tracts of land, or interest in minerals set out in the petition and schedule attached thereto, and that the judgment rendered thereon was valid and binding upon the corporation as well as upon other defendants; that in pursuance of the judgment an order of sale was issued, a sheriff's sale had, the mineral interests listed as Nos. 137, 138, 139, 140 and 141 were sold to Ad Smith of Hoxie, Kan.; that the sale was confirmed by an order of the court on November 14, 1943, and a sheriff's deed issued covering the items above mentioned, which deed was duly recorded February 3, 1944; that notwithstanding the fact that the corporation was served personally with summons and filed entry of appearance in the case, the corporation failed to file any pleading therein until its motion to intervene was filed on September 30, 1944, and that more than a year elapsed after the confirmation of the sale before the filing of the present petition to intervene; that the irregularities complained of by the Federal Farm Mortgage Corporation or existing in such proceeding are not such as would make the judgment, order of sale and sale wholly void and subject to attack at this late date; that the court no longer has jurisdiction and is precluded from opening, vacating, modifying or setting aside its previous judgment rendered on September 16, 1943, or any subsequent proceedings in the case, by the provisions of G. S. 1943 Supp. 79-2804b, which provides in part that every legal or equitable action, including those brought on the grounds prescribed by the court of civil procedure, to open, vacate, or modify the judgment, order of sale, or sale, in such an action as this, must be commenced within six months after the date of the sale of the real estate as confirmed by the court.

The plaintiff moved the court for an order dismissing the intervening petition of the Federal Farm Mortgage Corporation, denying the prayer for relief prayed for by it, and requiring it to pay all costs in connection therewith.

On March 9, 1945, the matter came on for hearing before the court, whereupon the court considered the intervening petition of the Federal Farm Mortgage Corporation and plaintiff's answer thereto and motion to dismiss the same, recited some of the facts previously stated, and held that in failing to name the corporation as a defendant owner, supposed owner, or party having or claiming to

have an interest in the subject matter described in the causes of action (Nos. 137, 138, 139, 140, 141), and in failing to have its interest therein adjudicated and determined, the plaintiff failed and neglected to follow the mandatory provisions of the statute (G. S. 1943 Supp. 79-2801 to 79-2809), and that by reason thereof such corporation's interest in the subject matter of the various causes of action has not been adjudicated, and as to such interest this proceeding, including the judgment, order of sale, sale and confirmation, is a nullity, and therefore overruled plaintiff's motion to dismiss the intervening petition of the Federal Farm Mortgage Corporation. From this judgment the plaintiff perfected its appeal in due time.

In its intervening petition the appellee here predicated its right to have the judgment of the court in the tax foreclosure case and the order of sale and the decree of confirmation set aside upon the ground that the court, in the tax foreclosure case, had no jurisdiction to render the judgment which was rendered, and hence was void as it applied to the appellee. Jurisdiction of a court to render a particular decision depends upon three things: (1) The statutory authority of a court to entertain and decide questions which arise in the kind of action which was brought, and in this case means statutory authority of the court to hear and decide an action by a board of county commissioners in a suit to foreclose tax liens upon real property. There is no contention in this case that the court lacked such authority. The statute specifically grants it. (G. S. 1943 Supp. 79-2801.) (2) Jurisdiction of the person of the defendant. This depends upon whether he is properly named as a party defendant, and served with summons in a manner provided by law, or enters his voluntary appearance in the case. Here appellee was duly served with summons and entered its appearance. (3) In order to render a particular judgment the pleadings should present the question to be decided as an issue to be determined in the case. In this case the petition did allege a named person as being the owner, or supposed owner, of the mineral interests sought to be foreclosed, and in addition thereto named six individuals and one corporation as parties having or claiming to have some interest in the property. The court was asked in the petition to determine the owner, or supposed owner, of the property and the persons claiming to have some interest therein. In its decree the court did determine the owner, or supposed owner, and the persons claiming to

have an interest in the property, hence it cannot be said that the pleadings did not allege facts to enable the court to determine who was the owner, or supposed owner, of the property and the names of parties having or claiming to have some interest in the property. Hence, all elements of jurisdiction were present in this case. The contention of appellee that the court had no jurisdiction to determine the question of the ownership of the property is not well taken, and the judgment of the court based on that contention is inaccurate.

Appellee, in its intervening petition and here, contends that in its mortgage foreclosure proceeding it had succeeded to the interests of all the persons named in the tax foreclosure proceeding as being the owner, or supposed owner, or as having some interest in the mineral deeds. Assuming for a moment that is true, there is no reason why appellee could not have set up that fact in an answer in the tax foreclosure proceeding. The petition asked that all of the parties named defendants in the action and served with process should be required to set up any right, title or claim they or any of them had to the matters alleged in the petition. The Federal Farm Mortgage Corporation was a party to the action. It had a right to answer the petition and say that it had succeeded to the title or interest of the persons named as the owners, or supposed owners, of the several tracts, and of those who were named as having an interest in the property in the petition. It not only had the right to do so, but it was its legal duty to do it unless it was willing to let the tax foreclosure action go to judgment without calling the court's attention to its claim of succession to the interests of the parties named. It did not do so, but permitted the judgment to be entered by default, as far as it was concerned, upon any such contention it now makes.

Analyzing the intervening petition, it is difficult to see that the contention made by appellee that it had succeeded to all the rights of the persons named as the owners and as having an interest in the tracts of land is correct. It is clear from the intervening petition that the taxes on the mineral interests involved in the tax foreclosure action had not been paid in the mortgage foreclosure action, for appellee is now requesting permission to pay such taxes. The general statute with respect to mortgage foreclosures provides that all back taxes on the property sought to be foreclosed shall be paid from the proceeds of the sale of the mortgaged property. There is no contention of appellee that this was done. Indeed, the interven-

ing petition makes it clear that it was not done. Appellee argues that when it became the holder of the certificate of purchase in the foreclosure action it was the equitable owner of the real estate involved in the mortgage foreclosure case. At best that was only tentatively true. There might have been a redemption by some one of the defendants from the sale, which would have had the effect of setting aside the certificate of purchase. It became the owner only after the period of redemption had expired and a sheriff's deed had been issued to it, which was not until May 11, 1944. Even up to that date the appellee here had not paid the taxes on the mineral interests involved in the tax foreclosure suit and which it claims to have acquired at the time of the foreclosure decree in the mortgage foreclosure action. In its intervening petition the appellee here alleges that it had a right to pay the taxes on the mineral interests at any time prior to the time of the sheriff's sale of the property in the tax foreclosure suit. Perhaps so. But as mortgagee of the property it perhaps had the right to pay such taxes even before it brought its mortgage foreclosure action. (G. S. 1935, 79-2901.) Appellee's argument to the effect that it was misled to its prejudice by the omission of its name as an owner of the mineral interests here and thus deprived of its right to pay the taxes on the mineral interests prior to the sheriff's sale in the tax foreclosure suit lacks force as an equitable plea. It had the right to pay those taxes in the mortgage foreclosure suit, and should have done so if, as it contends, that by the decree in the mortgage foreclosure suit it had effectively succeeded to the rights of all the parties named in the tax foreclosure suit as being the owners and as having an interest in the property. Appellee stresses the language in the statute (G. S. 1943 Supp. 79-2801), where it is stated that the contents of the petition in a tax foreclosure action should give "the name of the owner, supposed owner, and party having or claiming to have any interest therein or thereto," and argues that it was mandatory upon plaintiff to list its name as the owner, or supposed owner, of the property. We have no desire to lessen in any degree the duty of a county attorney to list the names of the owners, or supposed owners, of the property and the parties having an interest therein. The very language of the statute, however, indicates that the legislature recognized the fact that in some instances there would be difficulty in determining with accuracy the name of everyone who might claim to be the owner or have some interest in the property. (See, also, G. S. 1943 Supp. 79-

2315, which recognizes the same thought.) Such a claim was made in *Sherman County Comm'rs v. Demaree,* 157 Kan. 478, 142 P. 2d 722, where it was alleged that the county attorney could have found out from the tenant on the property, or from the ACA office in the county seat, the name of the true owner of the property and his address. That question was not specifically determined in the case because the decision turned upon other questions. We cite it only as illustrative of one of the many types of claims with respect to the ownership of property which might be made, and not as a controlling decision here. The legislature, by using the term "supposed owner," in the statute, realized the difficulties which might arise in ascertaining who was the owner of the property. G. S. 1943 Supp. 79-2315, recognizes the same situation. The statute provides an appropriate method of having corrected any error that might be made with respect to the owner, or supposed owner, of the property by providing that any person named as a defendant could answer and set up whatever claim he had. This appellee had opportunity to do so in this case, and failed to avail itself of it. That is not a question that goes to the jurisdiction of the court.

The legislature also provided (G. S. 1943 Supp. 79-2804b), that legal or actionable proceedings may be brought to open, vacate, modify or set aside any judgment in a tax foreclosure action, or any sheriff's sale in such an action. So, the legislature, recognizing the difficulty the county attorney might have to ascertain the owner, or supposed owner, or the names of all persons having or claiming an interest in the property, provided that any party to the action might file an answer which would present his claim to such ownership or interest, and then gave an additional time of six months for the bringing of an action to open, vacate, or modify the judgment. The appellee here took no advantage of any of the provisions of the statute above mentioned for its benefit in that regard. Perhaps this limitation of time to bring proceedings applies to a judgment that is absolutely void, as distinct from one that is simply irregular, but we do not find it necessary to pass upon whether it applies to a judgment absolutely void. It may be conceded that it would have been appropriate to have named the Federal Farm Mortgage Corporation as a party having some claim to an interest in the property, but the fact that it was not so named, in view of the fact that it was named as a party defendant, served personally, filed an entry of appearance which gave it time to plead; the fact that it did not plead with re-

spect to its interest in the properties in question; the fact that parties were named as the owners, or supposed owners, and as having an interest in the property; and the fact that the court actually found who was the owner, or supposed owner, and who were the parties having an interest in the property makes the omission of the name of appellee as such party no more than an irregularity and makes the limitation of the time in which a proceeding to open, vacate, modify, or set aside the judgment applicable.

In a tax foreclosure action the Federal Farm Mortgage Company was named as the party who was the owner, or supposed owner, or who had an interest in several of the other tracts included in the tax foreclosure action. Appellee contends that fact misled it as to the tract here involved. We think this is nothing more than an argument. Its duty under the law and under the pleadings was to answer as to any tract it had an interest in, and in any event, the statute gave it six months after the decree or sheriff's sale in the tax foreclosure action to come in and ask to have the decree modified or set aside. This it did not do. In *Mitchell County Comm'rs v. Allen*, 156 Kan. 701, 137 P. 2d 143, the attack on the judgment was timely made. Here it was not.

The result is that the judgment of the trial court from which the appeal was taken is erroneous and must be set aside with directions to enter judgment for appellant. It is so ordered.

Hoch, J. (dissenting): My reason for dissent will be briefly stated. An action by a county to foreclose delinquent tax liens upon real estate is essentially a separate cause of action as to each tract involved. In order to afford a practicable procedure sections 79-2801 and 79-2802, G. S. 1943 Supp. authorize the county to join the separate causes of action in one action. In the absence of such a statute the petition would be open to attack for misjoinder. But in order to preserve the rights of the different owners of the separate tracts 79-2801 requires that as to each tract listed for foreclosure the factors essential to the cause of action shall be stated—description of the tract, the amount of delinquent taxes and penalties due, and "the name of the owner, supposed owner, and party having or claiming to have any interest therein or thereto," together with date of sale, etc. The statute further requires that the petition pray for determination by the court of the amount due upon "each particular tract," and "the name of the owner or party having an interest

therein," etc. Section 79-2802 also provides for joinder of the separate causes of action and provides that in its decree the court "shall ascertain and determine" the amounts "chargeable to each particular tract . . . and in the decree state the name or names of the particular defendant or defendants who has or who claims to have any interest in the tract . . . upon which a lien is fixed by order of the court." This is not all. Section 79-2804 which deals with sale following the foreclosure decree provides that the clerk of the court shall issue to the sheriff an execution or order of sale which "shall describe each tract, lot or piece of real estate mentioned and described in such judgment or decree (on which the lien has not been paid) with the amount charged to each tract . . . *with the name of the ascertained owner thereof, as disclosed by the judgment or decree,* with the command to advertise and sell the same." Thus the advertisement must recite the ascertained owner as disclosed by the tax foreclosure decree.

In the instant case about two hundred separate tracts were listed. In other words about two hundred separate causes of action were joined. The appellee, Federal Farm Mortgage Corporation, was named as one of the defendants and entered appearance. As to twelve of the tracts listed it was named as a defendant having an interest. As to such tracts the statutory requirements were observed and no issue is here presented. But as to five items or tracts it was not listed as a defendant having or claiming an interest, although many months prior to the tax foreclosure action it had foreclosed its mortgages upon those tracts, a sale had been had, and by certificate of purchase at such sale it had become the record holder of an equitable interest in the properties.

We here hold that when the appellee was named, in the title of the action, as one of the defendants and was duly served with summons it was then not necessary that it be listed as claiming an interest in any particular tract. And if one of the factors which the statute requires shall be stated can be omitted without invalidating the sale why not all the others? This holding has a far-reaching effect and one which I do not think was intended by the legislature. It is common knowledge that frequently these tax foreclosure actions involve many hundreds of separate tracts. As a result of this decision any defendant named as such in the title of the action and served with summons will be required to take note not only of the

items in which it is listed as a defendant having an ownership or claim of ownership, but of every other item, and if it fails to discover that a tract in which it holds an interest has been foreclosed and to file an action to set aside the sale within six months—even though it might be the unquestioned record title holder of a fee simple interest—it is barred from any relief. Such a rule with reference to stating a cause of action and giving jurisdiction of the subject matter is not applied to actions generally. Its application here will, it seems to me, impose a burden not intended by the legislature. In the instant case there is added inequity, as I view it, by reason of the fact that the appellee was specifically named as owner as to twelve tracts, and thus can reasonably be said to have been misled into believing its interests were not being foreclosed as to other tracts.

What has been said does not, of course, apply to ownership or claims of ownership not disclosed by the public records of which the county must be said to have at least constructive notice. In the case before us the appellee was holder of a certificate of purchase issued in the mortgage foreclosure action in the district court.

In permitting the joinder of actions it was the clear intention, in my opinion, to impose a mandatory condition that the essential factors be stated as to each tract—as to each cause of action. This opinion is fortified by our repeated holdings that the methods for collection of delinquent taxes are wholly statutory; that no power exists apart from the statutes and that they must be strictly followed.

WEDELL and BURCH, JJ., join in the foregoing dissenting opinion.