No. 36,748

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SUMNER, *Appellant*, v. DEBORAH ANN AVIS (Defendant), (C. E. KARNES, *Appellant*) R. P. MITCHELL et al., *Appellees*.

(183 P. 2d 462)

WENDELL READY, judge. Opinion filed July 12, 1947.

*Robert H. Cobean,* of Wellington, argued the cause and was on the briefs for appellant Board of County Commissioners of Sumner County; *George Templar,* of Arkansas City, argued the cause and *Earle N. Wright,* of Arkansas City, was with him on the briefs for appellant C. E. Karnes.

*John A. Potucek,* of Wellington, and *W. J. King,* of Geuda Springs, argued the cause and were on the briefs for the appellees.

The opinion of the court was delivered by

HARVEY, C. J.:  On December 13, 1945, proceeding under G. S. 1935, ch. 79, art. 28, as supplemented and amended in G. S. 1945 Supp., ch. 79, art. 28, plaintiff sued to establish and foreclose liens for taxes upon 151 lots or tracts of real property in Sumner county, respectively described in separate causes of action. Among these were lots 2, 3, 4, 5, 6 and 7 in block 11, First Addition to Geuda Springs, being causes of action Nos. 110 to 115, inclusive. The record title to these lots stood in the name of H. C. Moore. On March 22, 1946, the case came on for hearing and trial. The court found that the defendants were duly and regularly served with summons and that the defendants were the owners of the respective lots or tracts of land set forth under their names, found the amount of taxes due upon each lot or tract of land, and that the same was a first and prior lien thereon, and ordered the property sold as provided by law. The order of sale was issued April 2, 1946, notice of the sale was duly given, and the sale was held on May 13, 1946. At the sale it appears that R. P. Mitchell and C. E. Karnes were competitive bidders for the Moore lots, with the result that Mitchell bought lot 2 for $1, lot 4 for $600 and lot 7 for $12.50, and Karnes bought lot 3 for $25, lot 5 for $30 and lot 6 for $20. Other purchasers bought other property at the sale, but we are not concerned with those matters. The county attorney, acting for plaintiff, filed a motion to confirm the sale as to each of the lots and tracts sold. R. P. Mitchell filed a motion "to set aside the judgment and stay an order of sale and confirmation thereof insofar as the same pertains to lots 3 and 4 in block 11, First Addition to Geuda Springs," upon the grounds of the death of one of the parties before judgment was rendered and for unavoidable casualty or misfortune preventing the party from prosecuting or

defending, and "as a matter of equity and good conscience, movant offers and will pay into court a sum equal to all delinquent taxes, interest, penalties and costs assessed and chargeable against said lots 3 and 4 as soon as the same may be ascertained and fixed in an appropriate order." Later he filed a supplemental motion adding additional grounds (1) that the owner of the real estate, Lettie J. Moore, was an actual resident of Sumner county and that no personal service was made or attempted to be made on her, and (2) mutual mistake.

On May 22, plaintiff's motion to confirm the sale, and also the motion and supplemental motion of Mitchell, came on for hearing. After examining the files in the action, and particularly the journal entry of judgment, order of sale, publication notice, affidavit of the printer and the return of the sheriff, the court found "that said sale has in all respects been made in conformity with the statutes of the state of Kansas, in such cases made and provided and with the previous orders of the court herein." The court further found that the sheriff had caused proper notice of the sale to be published and that "said notice and the proceedings of the sheriff in the conduct of said sale pursuant to said notice are hereby approved and confirmed," except as to the property described in the causes of action Nos. 111 and 112, being respectively lot 3 and lot 4 of block 11, First Addition to Géuda Springs. The court made an appropriate order approving the sale, except as to those two lots, and continued the hearing as to them until a later date. There were further hearings on Mitchell's motions on June 4, 11 and 15. The court found "that the motion and supplemental motion of R. P. Mitchell should be and the same are hereby overruled insofar as they seek to set aside the judgment herein, but that the supplemental motion of the said R. P. Mitchell is sustained only insofar as the order of sale and proceedings thereunder in connection with causes of action numbers as follows, to wit: 111 and 112 are not in substantial compliance with statutory procedure therefor and that the purported sale thereof should be and the same is hereby set aside and the owners thereof are hereby given the right of redemption as provided by law." It was further ordered that the clerk of the district court should refund the purchase price of those properties, as shown by the sheriff's return.

The plaintiff appealed from the order of the court refusing to confirm the sheriff's sale to the properties described in causes of action 111 and 112 and from the order of the court setting aside the

sheriff's sale as to those properties, and C. E. Karnes, the purchaser of the property described in cause of action 111 appealed from the same rulings of the court.

Counsel for appellee argue that C. E. Karnes had no capacity to appeal from the order refusing to confirm the sale for the reason that he was not a party to the action and had not intervened so as to become a party. The point is not well taken. In *Cowdin v. Cowdin,* 31 Kan. 528, 3 Pac. 369, it was held:

"A purchaser at a sheriff's sale acquires such an interest and becomes so far a party, that he may make a motion to confirm the sale, or, no matter by whom such motion is made, maintain proceedings in error to reverse an order overruling it and setting aside the sale." (Syl. ¶ 1.)

This was followed in *Jones v. Carr,* 41 Kan. 329, 21 Pac. 258, and in *McDonald v. National Bank,* 58 Kan. 461, 49 Pac. 595, where, in the opinion it was said:

"The purchaser, by his bid, the payments of the purchase money, and the sheriff's return of the sale, becomes a party to the record. . . . his interests may be adverse to those of both the plaintiff and the defendant. He is not obliged to depend on either of them to protect his rights, nor has either of them authority to speak for him unless he gives it." (p. 462.)

The case was cited with approval in *Sherman County Comm'rs v. Alden,* 158 Kan. 487, 493, 148 P. 2d 509. The rule is in harmony with the general law upon the question. Obviously, Mitchell was prompted to file his motion and supplemental motion to set aside the sale of the two lots for the reason that he thought the improvements on the property were on lot 4, and after the sale discovered that a part of them were on lot 3, and that he paid more for lot 4 than he would have paid had he known the true location of the improvements. The court had found plaintiff's tax lien upon lot 3 to be $24.77 and on lot 4 to be $234.44, and rendered a judgment against the respective lots accordingly, plus the cost as determined by the court. There is an argument on behalf of appellee that the assessments were inaccurately made in that the value of all the improvements was assessed on lot 4 when a part of it should have been assessed on lot 3. However, there is no proof of that in the record, and in any event this is not a proceeding to revise the assessment. The court overruled Mitchell's motion to set aside the judgment, and there is no cross-appeal; hence the judgment stands as the correct amount of the county's lien upon lot 4.

Mitchell was personally present at the tax sale and there is evi-

dence that he knew the amount of the lien upon lot 4 before the sale, and he had the actual competition at the sale inasmuch as Karnes bid $575 for lot 4. So, neither the question of the exact location of the improvements nor whether the property was properly assessed is before us. Neither do we have the correctness of the judgment of the trial court before us.

The only legal question before us is whether the trial court was justified in setting aside the sheriff's sale as to lots 3 and 4 and in refusing to confirm the sale as to those lots. The only reason the court gave for its ruling upon those questions is that the sales of those lots "are not in substantial compliance with statutory procedure therefor." There is no statement in the judgment of the court as to what was lacking in the regularity of the proceedings. They were in fact the same as the proceedings upon the sale of other lots, with respect to which the court found "that said sale has in all respects been made in conformity with the statutes of the state of. Kansas, in such cases made and provided and with the previous orders of the court herein."

The controlling portion of the statute (G. S. 1945 Supp. 79-2804) pertaining to what should be done after the sheriff's sale, reads:

"The sheriff shall make return to the clerk, and the same shall, as soon as practicable, be examined by the court, and if found by the court to be regular, it shall be confirmed, and the sheriff ordered to forthwith execute to the purchasers at such sale a good and sufficient deed therefor."

Counsel for appellee cite and rely heavily upon the case of *Atchison County Comm'rs v. Wright*, 151 Kan. 325, 99 P. 2d 857. That case was distinguished in *Sherman County Comm'rs u. Demaree*, 157 Kan. 478, 481, 142 P. 2d 722, and it was specifically overruled in *Sherman County Comm'rs v. Alden*, 158 Kan. 487, 148 P. 2d 509., where it was held:

"In proceedings under section 79-2804, G. S. 1943 Supp., general equity powers may not be invoked to refuse confirmation and invalidate a tax sale shown to have been fairly held, with no element of fraud and in every way regular under the statute.

"In an action to confirm a sale of real estate in foreclosure of a tax lien, all proceedings were found to have been regular under the statute, but confirmation was refused and the sale set aside on the principal ground that the owner of the property had mistakenly believed that if the sale were held he would be relieved of a personal debt secured by mortgage upon the property, *held,* the court erred in refusing to confirm the sale." (Syl. ¶¶ 5, 6.)

The Alden case is reported in 152 A. L. R. 881, followed by an

annotation upon the question, and it has been cited approvingly in *Wyandotte County Comm'rs v. Ferguson,* 159 Kan. 80, 86, 151 P. 2d 694, and in *Kucera v. State,* 160 Kan. 624, 626, 164 P. 2d 115, and *Cherokee County Comm'rs v. Barnard,* 162 Kan. 500, 503, 178 P. 2d 189. We adhere to it now.

R. P. Mitchell, in his motion to set aside the sale of lots 3 and 4, offered to pay the taxes in a sum which might be determined to be a lien upon the property, and the judgment of the court permitted him to do so. The only statutory right Mitchell had to redeem the property is found in G. S. 1945 Supp. 79-2803, which fixes the time for redemption as before the sale; hence, his request was made too late (*Sherman County Comm'rs v. Demaree,* supra), and the judgment permitting him to do so was erroneous. At the time of the sheriff's sale both Karnes and Mitchell paid the amount of their respective bids to the sheriff. The court in its decree directed that the clerk of the court refund the respective amounts to purchasers at the sale. Counsel for appellee advise us that the clerk has complied with that part of the court's order by mailing the checks to Karnes and Mitchell. It is not contended, and there is nothing in the record to show, that the county commissioners or Karnes ever approved such payments; in fact, they are appealing from the judgment of the court. We find the judgment to be erroneous in that respect.

The result is that the judgment of the court below should be reversed with directions to the court to approve the sheriff's sale of lot 3 to Karnes and of lot 4 to Mitchell and to direct sheriff's deeds to be made to them accordingly. It is so ordered.

Hoch, J., not participating.